**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Philip P. BOESPFLUG, Defendant–Appellant.**

**No. 03CA0337.**

Colorado Court of Appeals, Div. IV.

Dec. 16, 2004.

Ken Salazar, Attorney General, Patricia R. Van Horn, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Cynthia Camp, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

RUSSEL, J.

Defendant, Philip R. Boespflug, appeals the trial court's orders denying his postconviction motions in three separate cases. We

dismiss the appeal in part, affirm in part, reverse in part, and remand.

In 1999, defendant pled guilty to second degree burglary and two counts of theft by receiving. In exchange, the prosecution dismissed several charges. The parties agreed that defendant would receive concurrent sentences of ten to twenty-four years in each case. The trial court sentenced defendant to three concurrent terms of eighteen years in prison.

Defendant then filed a Crim. P. 35(a) motion, raising various contentions. The trial court granted defendant's motion in part and reduced one sentence to six years. Defendant also filed a motion for sentence reduction under Crim. P. 35(b), which the trial court denied.

In 2002, defendant filed postconviction motions under Crim. P. 35(a) and (c), challenging his sentences and convictions. The trial court denied these motions without conducting an evidentiary hearing.

Defendant then filed this appeal.

### I.

■ Defendant first argues that the trial court erred by imposing aggravated range sentences without making specific findings of aggravating circumstances as required by § 18–1.3–401(7), C.R.S.2004. We dismiss this part of defendant's appeal.

Defendant forfeited his right to appellate review of his sentences because he failed to file a notice within forty-five days of sentencing, as required by § 18–1–409(2), C.R.S. 2004. Defendant's failure to perfect an appeal deprives this court of jurisdiction over his claim. *See People v. Malacara*, 199 Colo. 243, 606 P.2d 1300 (1980); *People v. Carey*, 701 P.2d 89 (Colo.App.1984).

■ Defendant contends that we should nevertheless grant him a direct appeal now. He argues that the trial court violated Crim. P. 32(c) when it failed to advise him of the right to appeal his sentences. And he argues that we should now conduct a direct appeal to remedy the trial court's violation. We disagree.

Crim. P. 32(c) provides:

A judgment of conviction shall consist of the recital of the plea, the verdict or find-ings, the sentence, the finding of the amount of presentence confinement, and costs, if any are assessed against the defendant. *Except in cases where judgment of conviction has been entered following a plea of guilty* or nolo contendere, the court shall, after passing sentence, inform the defendant of his right to seek review of his conviction. The court shall at that time make a determination whether the defendant is indigent, and if so, the court shall inform the defendant of his right to the assistance of appointed counsel upon review of his conviction, and of his right to obtain a record on appeal without payment of costs. *In addition, the court shall, after passing sentence, inform the defendant of his rights concerning appellate review of his sentence,* and of his rights to seek postconviction reduction of sentence in the trial court under the provisions of Rule 35(b).

(Emphasis added.)

Because the words "In addition" link the last sentence of Crim. P. 32(c) to its second sentence, it is unclear whether a trial court must advise a defendant of the right to appeal the sentence when the defendant is convicted pursuant to a plea of guilty. In light of this ambiguity, we express no opinion as to whether the trial court violated Crim. P. 32(c) by failing to advise defendant in this case.

Rather, assuming that the trial court violated Crim. P. 32(c), we conclude that this kind of error does not automatically entitle a defendant to obtain a late appeal. In reaching this conclusion, we rely on the reasoning of *Peguero v. United States*, 526 U.S. 23, 119 S.Ct. 961, 143 L.Ed.2d 18 (1999).

In *Peguero*, the trial court violated Fed. R.Crim.P. 32 by failing to advise the defendant of his right to appeal his sentence. The defendant filed a postconviction claim under 28 U.S.C. § 2255, seeking a late appeal. After conducting an evidentiary hearing, the trial court denied relief for lack of prejudice. The court found that the defendant had known about his right to appeal even though the judge had failed to advise him. The court of appeals affirmed, holding that the trial court's error was subject to the harm-

less error inquiry mandated by Fed. R.Crim.P. 52(a). On certiorari, the Supreme Court agreed. It held that a violation of Fed.R.Crim.P. 32 does not entitle a defendant to a late appeal in the absence of prejudice. The Court rejected the argument that an appellate court may circumvent the harmless error inquiry simply by granting relief under its supervisory authority. *Peguero v. United States, supra,* 526 U.S. at 29, 119 S.Ct. at 965.

■ We conclude that the same approach is required under the Colorado Rules of Criminal Procedure. If a defendant contends that he was deprived of the right to appeal by the trial court's failure to comply with Crim. P. 32(c), he cannot gain relief merely by raising his appellate claims out of time. Rather, he must bring a timely postconviction action under Crim. P. 35(c) and request the remedy of a new appeal.

■ If the pertinent records show a potential error, the trial court should conduct an evidentiary hearing to determine whether the defendant was prejudiced. And if the court finds that the defendant was prejudiced, it should "vacate the initial sentence and summarily reimpose a sentencing judgment identical in all respects to the earlier judgment except for the date of entry." *United States v. Torres–Otero,* 232 F.3d 24, 32 (1st Cir.2000). This, in turn, will trigger a new forty-five-day period in which to file an appeal.

To the extent that our resolution of this issue is inconsistent with *People v. Boivin,* 632 P.2d 1038 (Colo.App.1981), we decline to follow that case. *Boivin* is premised on a view of federal authority that was repudiated in *Peguero v. United States, supra.* And its approach is inconsistent with the rule adopted by the Colorado Supreme Court in an analogous area. *See People v. Blehm,* 983 P.2d 779, 792 (Colo.1999)(trial court's failure to advise defendant properly of his right to testify at trial triggers postconviction inquiry into whether defendant had independent knowledge of his rights).

Accordingly, we dismiss this part of defendant's appeal.

## II.

Defendant next argues that, because his aggravated range sentences were based on findings made by a judge rather than a jury, his sentences are unconstitutional under *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). We disagree. *Blakely* does not control here because defendant's sentences were final before the announcement of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). *Blakely* is merely an application of the *Apprendi* rule, and this rule is not retroactive. *See People v. Bradbury,* 68 P.3d 494 (Colo.App.2002); *see also Schriro v. Summerlin,* —— U.S. ——, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004).

## III.

■ Defendant next argues that he should be allowed to withdraw his pleas because the court did not advise him that he would lose his right to vote while he was imprisoned. We are not persuaded.

■ To satisfy due process concerns, the trial court must advise a defendant of the direct consequences of his guilty plea. But the court need not advise a defendant of collateral consequences. *See People v. Birdsong,* 958 P.2d 1124 (Colo.1998); *People v. Pozo,* 746 P.2d 523 (Colo.1987). A direct consequence is one that has "a definite, immediate, and largely automatic effect on the range of possible punishment." *People v. Moore,* 841 P.2d 320, 324 (Colo.App.1992).

■ The loss of the right to vote while imprisoned is not a punishment. Rather, it is one of the innumerable deprivations of liberty that occur during incarceration. *See* Colo. Const. art. VII, § 10. And while it is beyond dispute that the right to vote is fundamental, the right is not one that bears any relationship to the trial rights of a criminal defendant.

■ Therefore, consistent with the decisions of those courts that have addressed the issue, we conclude that a defendant's loss of the right to vote during imprisonment is a collateral consequence of a guilty plea for which no advisement is required. *See Stin-*

**1122**

*son v. Turner,* 473 F.2d 913, 914 (10th Cir. 1973) (applying the principles of *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and concluding that the loss of the right to vote is a collateral consequence of a guilty plea); *see also United States v. Del Rosario,* 902 F.2d 55, 59 (D.C.Cir.1990)(collateral consequences include the loss of the right to vote); *State v. Montalban,* 810 So.2d 1106, 1110 n. 5 (La. 2002)(same); *State v. Abernathy,* 764 S.W.2d 514, 516 (Mo.Ct.App.1989)(same); *People v. Ford,* 86 N.Y.2d 397, 403, 633 N.Y.S.2d 270, 657 N.E.2d 265, 268 (1995)(same).

## IV.

Finally, defendant argues that the trial court erred by denying his claims of ineffective assistance of counsel without conducting an evidentiary hearing. We agree in part.

In his Crim. P. 35(c) motion, defendant alleged that his lawyer had failed to inform him of the right to appeal his sentence and had given him poor advice about proceeding solely on a motion for sentence reconsideration. He alleged that, as a result, he missed the applicable deadline for filing an appeal.

We conclude that these allegations were sufficient to entitle defendant to an evidentiary hearing. We acknowledge that, in other cases, similar allegations might not trigger the need for a hearing because the sentencing transcript would show that the court advised the defendant of the right to appeal his sentence. But the record here does not contain such an advisement. Moreover, defendant's Crim. P. 35(a) motion alleges that the trial court failed to advise him of his right to appeal. (This allegation does not constitute a separate claim for relief; defense counsel made this assertion in an apparent attempt, properly rejected, to convince the trial court that defendant's sentencing claims were cognizable under Crim. P. 35(a).)

We therefore remand this case for an evidentiary hearing to determine whether, as the result of the alleged ineffective assistance of counsel, defendant was deprived of the right to appeal his sentence.

We agree with the trial court's ruling on defendant's remaining allegations. Defendant was not entitled to a hearing because he failed to allege that, but for the alleged shortcomings of counsel, he would have refused to plead guilty and would have instead insisted upon proceeding to trial on all the cases that were disposed of as part of this agreement. *See People v. Garcia,* 815 P.2d 937 (Colo.1991)(to establish ineffective assistance of counsel in connection with guilty plea, defendant must demonstrate that, but for counsel's alleged dereliction, he would not have pleaded guilty); *People v. Fulton,* 754 P.2d 398 (Colo.App.1987)(when a claim of ineffective assistance may be disposed of on the ground of lack of prejudice, there is no need to assess counsel's performance).

The appeal is dismissed as to defendant's claim of error under § 18–1.3–401(7). The trial court's orders are reversed as to his claim of ineffective assistance of counsel regarding his right to appeal, and the case is remanded for further proceedings on that claim consistent with this opinion. In all other respects, the orders are affirmed.

Judge KAPELKE and Judge GRAHAM concur.