The PEOPLE of the State of Colorado, Plaintiff–Appellant,

v.

Stacy A. SMITH, Defendant–Appellee.

No. 06CA0209.

Colorado Court of Appeals, Div. I.

Aug. 23, 2007.

Rehearing Denied Oct. 4, 2007.

Certiorari Denied April 7, 2008.

Carol Chambers, District Attorney, Paul R. Wolff, Chief Deputy District Attorney, Andrew Cooper, Deputy District Attorney, Centennial, Colorado, for Plaintiff–Appellant.

Douglas K. Wilson, Colorado State Public Defender, Mark G. Walta, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge MÁRQUEZ.

The People appeal the trial court's order denying a restitution hearing and requiring restitution of only $500. We reverse and remand with instructions.

In 2003, defendant, Stacy A. Smith, threw a rock through the victim's restaurant win-

dow. She was later charged with one count of criminal mischief resulting in aggregate damages of $500 or more but less than $15,000, a class four felony, pursuant § 18–4–501(1), C.R.S.2006. The jury found defendant guilty of one count of criminal mischief resulting in aggregate damages of $100 or more but less than $500, a class two misdemeanor.

At the sentencing hearing, the People requested a restitution hearing and sought restitution in the amount of $3,050. The trial court denied the request for a restitution hearing, sentenced defendant to a two-year probationary period, and ordered defendant to pay $500 for restitution as a condition of probation.

In denying the restitution hearing, the trial court stated:

With respect to the issue of restitution, just as I have found that the jury rejected the testimony of Ms. Smith, I can also relate that the jury rejected the argument of the People that the damage in this case was in excess of $500. [It] listened to [the victim] testify, and [the victim] testified quite clearly that the damage was over $1500. The jury heard that evidence, and the jury came back and said that the defendant was guilty of criminal mischief, the damage being from [$]100 to $500.

. . . .

I have that information before me, and it's information in excess of $3,000 that [the People have] presented to me with respect to the question of restitution. I also know that [the victim] testified that he believed the damage was about $1500. The concern I have, though, is that if the Court were to enter an order to that effect, it flies in the face of what the jury determined. . . . I think I must rely on the jury verdict in determining the amount of restitution. If I were to ignore that, if I were to enter a restitution order in excess of what the jury had found, am I then ignoring what the jury verdict was in this case? Am I then making a determination above and beyond that? I can only hearken back to the decisions involving the *Blakely* case and all its progeny about how a jury must make determinations with respect to certain ag-

gravating factors. The only basically *Blakely* exempt questions are questions involving the defendant's prior record and a prior felony conviction.

. . . .

It seems to the Court that if I were to permit the restitution hearing to be conducted ... additional evidence would be presented to me that I would then render a determination that has been established beyond a reasonable doubt that the actual damage in this case was in excess of $500, I'm just setting aside the jury verdict in this matter.

### I. Standard of Review

A trial court has broad discretion in determining the appropriate terms and conditions of restitution orders. Absent a gross abuse of discretion, the court's ruling will not be disturbed on appeal. A trial court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law. *People v. Pagan,* 165 P.3d 724, 727 (Colo.App. 2006); *People v. Lassek,* 122 P.3d 1029, 1034 (Colo.App.2005).

### II. Restitution Amount

The People contend that the trial court misconstrued the meaning of the jury's verdict by concluding that the verdict precluded a finding that the victim's pecuniary losses exceeded $500. We agree.

Colorado's sentencing scheme requires that as a condition of every sentence to probation, the trial court shall order that the defendant make full restitution pursuant to Colorado's restitution statutes. Section 18–1.3–205, C.R.S.2006; *People v. Pagan, supra,* 165 P.3d at 729.

As pertinent here, restitution "means any pecuniary loss suffered by a victim and includes but is not limited to all out-of-pocket expenses, interest, loss of use of money, anticipated future expenses ... and other losses or injuries proximately caused by an offender's conduct." Section 18–1.3–602(3)(a), C.R.S.2006.

The General Assembly has declared restitution in criminal cases to be a mechanism

for the rehabilitation of offenders, to deter future criminality, to lessen the financial burdens inflicted upon victims and their immediate families, to compensate them for their suffering and hardship, and to preserve the individual dignity of victims. Sections 18–1.3–601(1)(c)–(e), C.R.S.2006. The restitution statute is to be liberally construed to accomplish these goals. Section 18–1.3–601(2), C.R.S.2006; *People v. Lassek, supra,* 122 P.3d at 1034.

In *People v. Pagan, supra,* 165 P.3d at 732, a division of this court quoted a portion of *J.O.S. v. State,* 668 So.2d 1082, 1085 (Fla. Dist.Ct.App.1996), which stated:

Assuming the principal purpose of restitution to be to restore to victims of crime the value of that which they have lost as a result of the crime, rather than to punish the wrongdoer, we can perceive no good reason why the amount should be limited arbitrarily by the maximum dollar value of the offense which a defendant is found to have committed.

The division in *Pagan* held that the jury's acquittal of the defendant on a charge of theft over $15,000 did not collaterally estop the trial court from awarding restitution in an amount over $15,000 because a court may consider both uncharged and acquitted conduct that has been proved by a preponderance of the evidence in determining the appropriate sentence. We agree with this holding.

Defendant concedes that *Pagan* "seems to cast doubt on the trial court's rationale" and "its ruling appears to conflict with *Pagan*" to the extent that the trial court's decision not to conduct a restitution hearing rested on the notion that the jury's verdict somehow precluded it from ordering restitution in excess of $500.

Defendant, however, asserts that the trial court's refusal to hold a hearing on the People's request for restitution was justified because imposing an amount of restitution greater than what is authorized by the jury's verdict violates *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). We disagree.

In *Apprendi,* the Supreme Court held that any fact, other than the fact of a prior conviction, that increases the penalty for an offense beyond the *prescribed statutory maximum* must be admitted by the defendant or proved to a jury beyond a reasonable doubt. *Apprendi, supra,* 530 U.S. at 490, 120 S.Ct. at 2362–63. In *Blakely,* the Supreme Court held that a judge may not sentence a defendant above the statutory maximum on the basis of facts other than prior convictions unless those facts are reflected in the jury verdict or admitted by the defendant, and that the statutory maximum is the sentence the court may impose without any additional findings. *Blakely, supra,* 542 U.S. at 303–04, 124 S.Ct. at 2537. Additionally, in *United States v. Booker,* 543 U.S. 220, 246, 125 S.Ct. 738, 757, 160 L.Ed.2d 621 (2005), the Supreme Court held that the mandatory application of Federal Sentencing Guidelines is incompatible with the jury trial requirements of the Sixth Amendment.

Here, defendant was sentenced in December 2005, and she filed her notice of appeal in January 2006. Thus, the decision in *Blakely* applies to defendant. *See Lopez v. People,* 113 P.3d 713, 716 (Colo.2005).

Colorado courts have held that restitution amounts may properly include losses to a victim resulting from uncharged criminal actions of the defendant, *see People v. Borquez,* 814 P.2d 382, 384 (Colo.1991); *cf. People v. Estes,* 923 P.2d 358, 360 (Colo.App.1996) (allowing restitution for thefts to which defendant did not specifically plead guilty), but they have not addressed whether *Apprendi* and *Blakely* apply to restitution orders.

*Apprendi* and *Blakely* did not involve restitution orders. However, at least eleven federal circuit courts of appeal have held that *Apprendi* and *Blakely* do not apply to restitution orders. The rationale of these cases is that the federal restitution statutes, which do not set a maximum restitution amount, were different from the sentencing regimens in *Apprendi, Blakely,* and *Booker. See, e.g., United States v. Milkiewicz,* 470 F.3d 390, 404 (1st Cir.2006) (stating the statutory restitution scheme is materially different from the sentencing regimens at issue in *Blakely*);

*United States v. Reifler,* 446 F.3d 65, 118 (2d Cir.2006) (concluding that the *Blakely* principle that jury findings establish the maximum authorized punishment has no application to restitution orders made pursuant to the Mandatory Victims Restitution Act); *United States v. Wooten,* 377 F.3d 1134, 1144 n. 1 (10th Cir.2004)(affirming that a restitution order does not violate either *Blakely* or *Apprendi* if it does not exceed the statutory maximum restitution amount or the value of the damages to the victim); *see also State v. Clapper,* 273 Neb. 750, 732 N.W.2d 657, 662 (2007)(listing eleven federal circuit court decisions holding that the *Apprendi–Blakely* principle does not apply to restitution orders).

A number of state courts have similarly concluded that *Apprendi* does not apply to restitution orders because the states' restitution statutes do not set a maximum restitution amount that can be ordered. *See, e.g., State v. Clapper, supra,* 732 N.W.2d at 663) (restitution does not result in a sentence that exceeds the statutory maximum); *State v. Martinez,* 392 N.J.Super. 307, 920 A.2d 715, 721 (App.Div.2007) (a restitution order does not punish a defendant beyond the statutory maximum); *People v. Horne,* 97 N.Y.2d 404, 740 N.Y.S.2d 675, 767 N.E.2d 132, 139 (2002)(a sentencing court is not increasing the maximum sentence available when it makes factual determinations affecting restitution, but is merely issuing a sentence within the authorized statutory range); *State v. McMillan,* 199 Or.App. 398, 111 P.3d 1136, 1139 (2005)(restitution statutory maximum is the amount of pecuniary damages as determined by the court); *State v. Kinneman,* 155 Wash.2d 272, 282, 119 P.3d 350, 355 (2005)(the restitution statute provides a scheme that is more like indeterminate sentencing not subject to Sixth Amendment jury determinations).

We are persuaded by the rationale of these cases and apply it here. Because Colorado's restitution statutes do not prescribe a maximum restitution amount, we conclude that the rule of *Apprendi* and *Blakely* does not apply to restitution orders. Section 18–1.3–205 states that "the court shall order that the defendant make *full restitution*" (emphasis added), and this includes the victim's pecuniary losses and all out–of–pocket expenses. According to § 18–1.3–602(3)(a), restitution is not limited by the jury's findings but includes the pecuniary loss suffered by the victim including, but not limited to, all out–of–pocket expenses and other losses or injuries proximately caused by an offender's conduct. Thus, we reject defendant's Sixth Amendment argument.

### III. Restitution Limits

■ The People next contend that the trial court erred in limiting restitution to the value of the damaged object. They maintain that restitution can include repair costs even if those costs exceed the damaged object's value. We agree.

At the sentencing hearing, the victim told the trial court that $500 would not cover the window's replacement costs, and the People presented an invoice of the replacement costs totaling $3,050. The trial court's only basis for rejecting the People's request for a restitution hearing was its intent to honor the jury's verdict and its concerns about *Blakely.* However, we have rejected that rationale.

The sentencing statute requires "full restitution," § 18–1.3–205, and restitution is defined to mean "any pecuniary loss suffered by a victim." Section 18–1.3–602(3)(a). Thus, we conclude that repair costs should be included in the restitution amount ordered. *See People v. Courtney,* 868 P.2d 1126, 1127–28 (Colo.App.1993) (holding money spent to repair a vehicle damaged by defendant was properly included in the restitution order).

### IV. Applicable Standard of Proof

Finally, the People contend that the trial court erred in ruling that a restitution amount must be proved beyond a reasonable doubt, rather than by a preponderance of the evidence. We agree.

■ Although defendant asserts that the preponderance of the evidence standard is incompatible with *Apprendi* and *Blakely,* in light of our conclusion above that the rule of *Apprendi* and *Blakely* does not apply to restitution orders, we need not address this issue. Instead, we adhere to the holding of

prior divisions of this court that the People's burden of proof for establishing the amount of restitution owed is a preponderance of the evidence. *See People v. Pagan, supra,* 165 P.3d at 729.

The trial court's order is reversed, and the case is remanded with instructions that the trial court hold a restitution hearing and order full restitution pursuant to Colorado's restitution statutes.

Judge TAUBMAN and Judge J. JONES concur.