**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Michael David SUTTMILLER, Defendant–Appellant.**

No. 08CA0902.

Colorado Court of Appeals, Div. III.

May 27, 2010.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2009.

John W. Suthers, Attorney General, Christine C. Brady, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Douglas K. Wilson, Colorado State Public Defender, Andrea R. Gammell, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge DAILEY.

Defendant, Michael David Suttmiller, appeals the district court's order denying him a refund of overpaid restitution. We affirm.

## I. Background

As pertinent here, in May 2001 defendant was sentenced to probation in connection with the theft of an asphalt roller from a rival in the asphalt paving industry.[1] He retained and used the roller for several months before it was discovered in his possession.

As a condition of probation, defendant was ordered to pay $12,166.79 in restitution to the victim. That figure included the amount ($11,871.71) it would have cost the victim to rent a replacement roller during the several months defendant had the stolen roller before it was discovered by police. Defendant did not appeal that part of his sentence but instead began making restitution payments as required by his conditions of probation.

In August 2004, the court revoked defendant's probation and sentenced him to four years imprisonment based on a determination that defendant had violated the terms of his probation by, among other things, failing to pay restitution. On appeal, a division of this court dismissed, as untimely, defendant's challenge to the amount of restitution imposed by the district court in 2001. *People v. Suttmiller*, 2006 WL 3028049 (Colo.App. No. 04CA2098, Oct. 26, 2006) (not published pursuant to C.A.R. 35(f)) (*Suttmiller I*) (also affirming defendant's four-year sentence).

Following the supreme court's denial of certiorari in *Suttmiller I*, defendant, in June 2007, filed a combined Crim. P. 35(a) and 35(b) motion, alleging that the law did not

authorize a victim to recover in restitution the rental value of a stolen item when no replacement item was rented by the victim. At the hearing on defendant's motion, the People argued that defendant had raised a challenge not to "an illegal sentence under [Crim. P.] rule 35(a)," but, rather, to a factual matter that was barred by the division's decision in *Suttmiller I*.

Ultimately, the district court agreed with defendant, finding that the challenged part of the restitution award was "illegal" because (1) under the applicable statute, restitution was authorized only for pecuniary losses suffered by victims and (2) the victim here had not suffered any "actual loss." Consequently, the district court vacated the original restitution order and entered a new one reducing defendant's restitution obligation to $385.79.

Approximately two weeks later, defendant requested that the district court order the probation department to refund to him $3,491.55 in overpaid restitution. The district court denied his request, finding that it had no jurisdiction to order the victim to return restitution amounts already disbursed to him.

## II. Analysis

■ Defendant contends that the district court erroneously denied his motion for a refund based on its determination that it lacked jurisdiction to order the victim to return previously received restitution amounts. According to defendant, the court's focus should have been on whether it could order the probation department, not the victim, to return overpaid restitution.

In response, the People argue, among other things, that (1) the district court lacked authority to grant defendant any relief under Crim. P. 35(a); and (2) no refund is due because the court erroneously vacated as "illegal" the original restitution award.

■ As defendant points out, the People did not cross-appeal from the district court's

---

1. Defendant was sentenced following his entry of guilty pleas to charges of class 4 felony theft by receiving and misdemeanor theft.

determination that the portion of the restitution award representing a rental value for the roller was "illegal." However, the People, as the appellee, "may, without filing a cross-appeal, defend the judgment of the [district] court on any ground supported by the record, so long as that party's rights would not be increased under the judgment." *White v. Caterpillar, Inc.,* 867 P.2d 100, 109 (Colo.App.1993); *Trs. of Atlanta Iron Workers v. S. Stress Wire Corp.,* 724 F.2d 1458, 1459 (11th Cir.1983) ("Absent a cross-appeal, an appellee may not attempt to enlarge his own rights or decrease the rights of his adversary; however, he may advance a matter in the record which is in support of the district court's order, including arguments previously rejected by the district court.").[2]

Accordingly, while the People may not, because they failed to appeal from the district court's ruling, seek to reinstate defendant's original restitution obligation, they may defend, on any ground supported by the record, the district court's ruling *that no refund is recoverable in this case.*

A.  *Defendant's Challenge to the Legality of the Restitution Award Was Not Untimely or Otherwise Procedurally Barred by the Earlier Decision of this Court*

■■ Ordinarily, a defendant forfeits his or her right to appellate review of the amount of restitution awarded by failing to file an appeal within forty-five days of the sentencing hearing at which that amount was determined, as required by section 18–1–409(2), C.R.S.2009. *See People v. Boespflug,* 107 P.3d 1118, 1120–21 (Colo.App.2004).

■ There is, however, one exception to this rule. Under Crim. P. 35(a), a challenge to what was formerly known as an "illegal" sentence, now termed a sentence "not authorized by law," may be raised "at any time." *See People v. Wenzinger,* 155 P.3d 415, 418 (Colo.App.2006) (discussing the past and present terminology in Crim. P. 35(a)); *see also People v. Bradley,* 169 Colo. 262,

264, 455 P.2d 199, 200 (1969) (there is "no requirement" that a Crim. P. 35(a) challenge "be raised on writ of error from the conviction or be thereafter waived"); *People v. Watkins,* 83 P.3d 1182, 1187 (Colo.App.2003) (illegal sentence issues are jurisdictional in nature).

■ An illegal or unauthorized sentence is one that is "inconsistent with the statutory scheme outlined by the legislature." *See Wenzinger,* 155 P.3d at 418 (quoting *People v. Rockwell,* 125 P.3d 410, 414 (Colo.2005)); *see also Roberts v. People,* 130 P.3d 1005, 1006–07 (Colo.2006) (whether court could, as part of its restitution order, award prejudgment interest based on amount of restitution determined, presented issue as to the legality of the defendant's sentence).

Here, following the division's decision in *Suttmiller I,* defendant brought before the district court a cognizable Crim. P. 35(a) claim, that is, that our statutes did not authorize restitution for the rental value of an item which the victim never rented.

Defendant did not raise this claim in *Suttmiller I.* In *Suttmiller I,* defendant asserted merely that the district court abused its discretion in awarding an excessive amount of restitution. He neither cited Crim. P. 35(a) nor argued that the amount of restitution was illegal or otherwise beyond the jurisdiction of the court to impose.

Because the division in *Suttmiller I* did not address a claim of an illegal or unauthorized sentence, and because there is no time limit for bringing such a claim, defendant was not barred from presenting his Crim. P. 35(a) claim to the district court.

B.  *The District Court Erroneously Determined That the Restitution Award Was Illegal or Not Authorized by Law*

■ In the district court, defendant asserted, and the court agreed, that, under our statutes, restitution could not be awarded in a criminal case for an amount which does not represent an actual pecuniary loss to the

---

**2.** This rule has also been applied in criminal cases. *See People v. Eppens,* 979 P.2d 14, 22 (Colo.1999) ("a party may defend the judgment of the [district] court on any ground supported

by the record, regardless of whether that ground was relied upon or even contemplated by the [district] court"); *People v. Jaramillo,* 183 P.3d 665, 668 (Colo.App.2008) (same).

victim. The People argue that the victim suffered a "loss" recognizable under the restitution statute, and that rental value is an appropriate way to measure that loss. We agree with the People.

Section 18–1.3–602(3)(a), C.R.S.2009, defines restitution as:

> any pecuniary loss suffered by a victim and includes but is not limited to all out-of-pocket expenses, interest, loss of use of money, anticipated future expenses, rewards paid by victims, money advanced by law enforcement agencies, money advanced by a governmental agency for a service animal, adjustment expenses, and other losses or injuries proximately caused by an offender's conduct and that can be reasonably calculated and recompensed in money.

(Emphasis added.)

■ Although the victim in this case never suffered the "out-of-pocket" expense of renting a replacement roller, under section 18–1.3–602(3)(a), restitution is not limited to "out-of-pocket" expenses. Rather, as pertinent here, restitution includes "losses or injuries" as long as they (1) are proximately caused by the defendant and (2) can be reasonably calculated and recompensed in money. § 18–1.3–602(3)(a); see People in Interest of D.S.L., 134 P.3d 522, 528 (Colo.App.2006) (upholding district court's order of restitution for the victim's lost overtime wages because the amount ordered "was based on a reasonable calculation of income the victim was unable to earn, prior to the time of sentencing, as a proximate result of [defendant's] wrongful conduct").

Here, for several months the victim suffered an actual loss or injury, that is, the loss of use of his roller, which was proximately caused by defendant's conduct. Further, as demonstrated below, that type of loss or injury can "be reasonably calculated and recompensed in money."

In the civil context, courts recognize "loss of use" of an item as an injury for which damages are recoverable. There are various measures of damages used in loss of use cases. See generally Dan B. Dobbs, Law of Remedies § 5.15(1), at 875 (2d ed. 1993); see

also PurCo Fleet Services, Inc. v. Koenig, 240 P.3d 435, 442–43 (Colo.App.2010) (discussing history and purposes of damages in loss of use cases, as well as various ways to measure damages in such cases).

Where, as here, an item has been stolen and subsequently returned to the owner, the owner may recover from the thief as damages for the temporary loss of use of the item at least the replacement rental value of the item. See Restatement (Second) of Torts § 931(a) & cmt. b (1979) (when tortfeasor has converted a chattel that has been returned to the owner's possession, "[t]he owner ... is entitled to recover as damages for the loss of the value of the use, at least the rental value of the chattel ... during the period of deprivation"); cf. Denver Bldg. & Constr. Trades Council v. Shore, 132 Colo. 187, 198, 287 P.2d 267, 273 (1955) ((1) recognizing "where through unlawful or wrongful acts of defendants heavy equipment has been kept idle and the work expected to be accomplished thereby delayed, the fair rental value of such equipment during the period of prevention of its use is generally adopted as a proper measure for determination of the extent of damage"; and (2) applying this measure of damages even though contractor-owner of machine had allegedly made a profit).

The application of a rental value measurement to compensate for the loss of use of an item is appropriate even when, as here, the owner suffered no out-of-pocket expenses, "as when he was not using the subject matter at the time or had a substitute that he used without additional expense to him." Restatement (Second) of Torts § 931 cmt. b; see Francis v. Steve Johnson Pontiac–GMC–Jeep, Inc., 724 P.2d 84, 85–86 (Colo.App.1986) (awarding damages for cost to rent replacement car where none was actually rented); Cress v. Scott, 117 N.M. 3, 868 P.2d 648, 651 (1994) ("loss-of-use damages may be measured by the reasonable rental value of a substitute vehicle, even in the absence of actual rental"); see also Beaty v. McGraw, 15 S.W.3d 819, 827–28 (Tenn.Ct.App.1998) ("Damages for the wrongful detention of property may be measured either by the fair market rental value of the property for the period of detention, or by the net profit lost

during the detention period." (citations omitted)); *Kinder Morgan North Texas Pipeline, L.P. v. Justiss*, 202 S.W.3d 427, 444–45 (Tex. App.2006) ("The rental value of a property is the ordinary method of calculating damages for a temporary loss of use of property.").

If the rule were otherwise, only those parties who could afford to rent replacement items would be able to pursue a claim for loss of use damages or restitution. *See PurCo Fleet Services, Inc.*, 240 P.3d at 442–43 (discussing this rationale but rejecting it, as well as reasonable rental value measure of damages, in loss of use cases involving commercial chattels normally rented out for profit).

Based on these authorities, we conclude that the district court could, consistent with section 18–1.3–602, reasonably calculate and recompense the victim for his temporary loss of use of the roller by basing an award of restitution on the roller's reasonable rental value during the time it was out of the victim's possession. *Cf. Cross v. Berg Lumber Co.*, 7 P.3d 922, 936 (Wyo.2000) (civil restitution damages measured by rental value of a converted road grader, although grader sat unused most of the time it was in defendant's possession and little reason existed for thinking owner would have used it either); *Denver Bldg. & Constr. Trades Council*, 132 Colo. at 198, 287 P.2d at 273 (damages measured by the rental value of machines that went unused due to an unlawful labor strike).

Because the original award was not "illegal," defendant was required to make the payments he did, and, thus, is not entitled to any refund.

### C. Conclusion

Albeit for reasons different from those employed by the district court, we conclude that the court properly denied defendant's motion for a refund of restitution payments. *See People v. Holmes*, 959 P.2d 406, 418 (Colo. 1998) (a correct judgment may be affirmed based on reasoning different from that of the district court).

That said, however, because the People failed to cross-appeal here, they are not entitled to any relief beyond the affirmance of the district court's order refusing a refund;

they may not, for example, collect any future restitution payments from defendant.

The district court's order denying a refund of previously paid restitution is affirmed.

Judge ROY and Judge RICHMAN concur.