**The PEOPLE of the State of Colorado,**
**Plaintiff–Appellee,**

v.

**Kevin HILL, Defendant–Appellant.**

No. 08CA1326.

Colorado Court of Appeals,
Div. A.

May 12, 2011.

---

John W. Suthers, Attorney General, Christine C. Brady, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Law Office of Cynthia M. Mardian, Cynthia M. Mardian, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge WEBB J.

During the pendency of this appeal from the denial of Kevin Hill's motion to withdraw guilty plea and vacate sentence, the trial court entered an order awarding $3332.45 in restitution. Hill did not file a notice of appeal from this order. More than a year later, he moved for leave to file an amended notice of appeal challenging it.

We conclude that the restitution order was separately appealable; that even if Hill's motion could be treated as a notice of appeal, it was untimely; and that he has not shown good cause under C.A.R. 26(b) to excuse his untimeliness. Therefore, we exercise our discretion and deny the motion.

## I. Chronology

On May 9, 2008, the trial court sentenced Hill to six years in the custody of the Department of Corrections (DOC), plus three years of mandatory parole, on his plea of guilty to second degree assault—serious bodily injury. The sentence included restitution, but the court gave Hill thirty days to object to the amount. He did so. He also moved to withdraw his guilty plea and vacate the sentence, which the court denied. Hill appealed this order on June 23, 2008, before the court had addressed the restitution dispute. On October 23, 2009, the court held a restitution hearing. It entered the restitution order on November 24, 2009.

On May 10, 2010, Hill moved to supplement the record with transcripts of several hearings, including the restitution hearing. The motion was granted except as to this hearing, because:

[I]t does not appear that appellant sought to amend the notice of appeal to include review of the restitution order entered on November 24, 2009. Any motion to amend the notice of appeal was due in this court within 45 days of the date of entry of the

order on restitution, which would be on or before January 8, 2010.

The opening brief was due in fifteen days.

On February 9, 2011, after having obtained several extensions to file the opening brief, Hill moved for leave to file an amended notice of appeal "to include issues relating to the restitution order." A motions division of this court requested supplemental briefs addressing whether a separate notice of appeal was required once restitution became final, and, if so, what standard should apply to accepting an untimely notice of appeal of a restitution order.

## II. Necessity of a Separate and Timely Notice of Appeal

The Attorney General asserts, Hill does not dispute, and we agree, that under the circumstances presented here, the restitution order was separately appealable.

 While every order of conviction must include consideration of restitution, section 18–1.3–603(1)(b), C.R.S.2010, "expressly permits the sentencing court to merely order that the defendant be obligated to pay restitution and postpone a determination of the specific amount of restitution." *Sanoff v. People*, 187 P.3d 576, 578 (Colo.2008). Thus, "the amount of the defendant's liability no longer [is] a required component of a final judgment of conviction." *Id.* Consequently, "an order for a specific amount of restitution is itself an appealable order." *Id.*

The Attorney General further asserts, again Hill does not argue otherwise, and we also agree, that Hill's motion—which we will assume, without deciding, to be the equivalent of a separate notice of appeal—was untimely.

 Because restitution is a component of a defendant's sentence, the defendant may directly appeal a restitution order under section 18–1–409(1), C.R.S.2010. *People v. Garcia*, 55 P.3d 243, 244 (Colo.App.2002). The notice of appeal must be filed within forty-five days of the date of the restitution order. C.A.R. 4(c)(1)(II)(A). Unless a timely notice of appeal is filed, the court of appeals lacks jurisdiction to review a sentence. *People v. Boespflug*, 107 P.3d 1118, 1121 (Colo.App.

2004); *see also People v. Suttmiller*, 240 P.3d 504, 507 (Colo.App.2010) ("Ordinarily, a defendant forfeits his or her right to appellate review of the amount of restitution awarded by failing to file an appeal within forty-five days of the sentencing hearing at which that amount was determined.").

Nevertheless, the Colorado Appellate Rules "confer discretion on the court of appeals to extend jurisdiction over appeals filed outside the forty-five day time limit under certain circumstances upon a showing of excusable neglect or good cause." *People v. Baker*, 104 P.3d 893, 895 (Colo.2005). Here, Hill's motion for leave to file an amended notice of appeal does not explain the failure to act within forty-five days, but says only that "Mr. Hill is not responsible for the failure of his prior attorneys to amend the notice of appeal to include issues relating to the restitution order." According to Hill's supplemental brief, "[h]ere the failure to file a notice of appeal or to request leave to amend the notice of appeal in a timely manner was not excusable." Instead, Hill asserts that he has shown good cause under *Baker*, which the Attorney General disputes.

## III. Good Cause

Initially, we address whether the good cause standard applies to a sentencing appeal, and conclude that it does, but we discern no good cause.

### A. Good Cause Applies

Under C.A.R. 26(b):

> The appellate court for good cause shown may upon motion enlarge the time *prescribed by these rules* or by its order for doing any act, or may permit an act to be done after the expiration of such time....

(Emphasis added.) Neither Hill nor the Attorney General cites any Colorado case applying this rule to extend the deadline for filing a sentencing appeal, nor have we found one.

The deadlines for appealing sentences appear in two places. Under C.A.R. 4(c)(1)(II)(A) ("Appellate Review of Felony Sentences"):

The notice of appeal must be filed within forty-five days from the date of the imposition of sentence. The notice shall be filed with the appellate court with an advisory copy served on the clerk of the trial court which imposed the sentence. The time for filing the notice of appeal may be extended by the appellate court.

Under section 18–1–409(2):

No appellate court shall review any sentence which is imposed unless, within forty-five days from the date of the imposition of sentence, a written notice is filed in the trial court to the effect that review of the sentence will be sought; said notice must state the grounds upon which it is based.

This subsection does not provide for an extension of the deadline.

▆ Here, because Hill acknowledges that he never filed a notice of appeal of the restitution order, we conclude that he could not have complied with section 18–1–409(2). Nevertheless, we further conclude that the good cause standard for an extension under C.A.R. 26(b) encompasses the statutory deadline in section 18–1–409(2) for the following two reasons.

First, under section 18–1–409(1), "[t]he procedures to be employed in the review shall be as provided by supreme court rule." Second, to the extent of any conflict between the deadline in section 18–1–409(2) and the extension language in C.A.R. 26(b), which applies only to "these rules," the latter controls because timing is a matter of procedure. *See People v. Prophet*, 42 P.3d 61, 62 (Colo. App.2001) ("If a statute governing procedural matters in criminal cases conflicts with a rule promulgated by the supreme court, the rule controls because the statute would be a legislative invasion of the court's rulemaking powers.").

### B. Hill Has Not Shown Good Cause

▆ Determining whether good cause exists "naturally depends on the particular facts of each case and should be made after assessing the totality of the circumstances."

*Baker*, 104 P.3d at 896. Nonexclusive factors include "1) the potential prejudice the People may suffer from late filing, 2) the interests of judicial economy, and 3) the propriety of requiring the defendant to pursue other remedies." *Id.* at 896–97 (citing *Estep v. People*, 753 P.2d 1241, 1248 (Colo.1988)). "[T]he court of appeals' discretion in accepting late-filed notices of appeal is broad." *Id.* at 896. However, remand to the district court for factual findings "may be the appropriate remedy in some cases." *Id.* at 898.

### 1. Potential Prejudice

The Attorney General does not argue that the state would be prejudiced by our accepting an untimely appeal of the restitution order, but suggests that the victim could be prejudiced from lack of notice, to the extent that restitution has already been received. However, the record does not show that any restitution has been paid. Because other factors discussed below afford a sufficient basis for our decision rejecting good cause, we decline to remand for further record development on prejudice to the victim, if any.

### 2. Judicial Economy

In *Baker*, the supreme court concluded that "the interests of judicial economy would be furthered by allowing the direct appeal to proceed," despite significant untimeliness, because the inmate's "remaining remedy would be to bring a Crim. P. 35(c) motion" alleging misadvisement by the trial court of his right to appointed appellate counsel and ineffective assistance of trial counsel for having filed the notice of appeal only in the district court. *Id.* at 898.[1] Here, these factors do not show judicial economy.

First, Hill does not assert any such misadvisement by the trial court. Further, he was continuously represented by appellate counsel.

Second, while Hill points out that he could raise a similar ineffective assistance of counsel claim, unlike in *Baker*, neither Hill's motion for leave to file amended notice of appeal

---

1. Apparently, because of this misadvisement, Baker relied on trial counsel—who mistakenly believed that he had no further responsibilities in the case—to type and file Baker's handwritten notice of appeal only "as a courtesy." *Id.* at 895.

nor his supplemental brief asserts that he directed counsel to appeal the restitution order. In any event, the trial court would be without jurisdiction to proceed under Crim. P. 35(c) during the pendency of Hill's direct appeal from the order denying his motion to withdraw plea. *Horton v. Suthers*, 43 P.3d 611, 614 n. 3 (Colo.2002). And if Hill succeeds in his appeal of his motion to withdraw the plea, then his challenge to the restitution order would become moot.

Nor are we persuaded by Hill's judicial economy argument based on the statement in *Sanoff*, 187 P.3d at 578–79, that "[w]here joining such an appeal with an ongoing appeal of the defendant's conviction would serve the interests of judicial efficiency, nothing in the statutory scheme prohibits the appellate court from doing so." Even if, as Hill suggests, this statement affords a defendant leave to file an amended notice of appeal to include a restitution order, the defendant's appeal from the restitution order in *Sanoff* was timely.

Therefore, we conclude that Hill has not shown that allowing his untimely appeal of the restitution award to proceed would significantly further judicial economy.

### 3. Propriety of Pursuing Other Remedies

The *Baker* court concluded that a Crim. P. 35(c) motion "is also not an adequate substitute for a direct appeal" because "many issues that could have been addressed by the appellate court on direct appeal would never be reviewed at all." 104 P.3d at 898. Here, in contrast, alleged ineffective assistance of Hill's appellate counsel for failure to perfect the restitution appeal would be cognizable under Crim. P. 35(c). *See People v. Long*, 126 P.3d 284, 286 (Colo.App.2005). In such a proceeding, Hill "need not show a likelihood

of success on appeal" and his remedy would be reinstatement of the appeal. *Id.* at 287. Further, even if Hill was unsuccessful under Crim. P. 35(c), some restitution errors can be raised under Crim. P. 35(a). *Suttmiller*, 240 P.3d at 507.[2] A claim under Crim. P. 35(a) is not subject to the bar for claims that could have been raised on direct appeal. *See* Crim. P. 35(c)(3)(VII).

Therefore, we discern no impropriety in requiring Hill to proceed under Crim. P. 35(a) or (c), if the restitution order is not rendered moot by the decision in this appeal.

### 4. Other *Baker* Factors

In *Baker*, the court explained that "these [three] factors, as well as several others, favor requiring Baker's appeal to be reinstated for good cause under C.A.R. 26(b)." 104 P.3d at 897. It then pointed to "the failure of trial counsel to perform his obligations," which "can be considered as a factor contributing to a finding of good cause," and "the trial court's failure to perform its prescribed duties." *Id.*

█ Here, because the record does not show that Hill directed his counsel to appeal the restitution order, we cannot conclude that counsel failed to perform an obligation. The decision to appeal "must be made by the defendant himself." *People v. Bergerud*, 223 P.3d 686, 694 (Colo.2010). And counsel "has no power to appeal without authorization of the client." *People in Interest of Yeager*, 93 P.3d 589, 593 (Colo.App.2004).

Further, if Hill is unsuccessful under Crim. P. 35(a) or (c), he may have a civil remedy.[3] He does not allege any dereliction by the trial court.

---

**2.** The record does not disclose the grounds on which Hill seeks to challenge the restitution order.

**3.** Because reducing the amount of restitution or setting the order aside entirely would not change either Hill's status as a convicted felon or his DOC sentence, this case is not subject to the observation that "it is the defendant, and not defense counsel, who will bear the stigma of a criminal conviction and, in many cases, the bur-

den of a prison sentence." *People v. Zapata*, 779 P.2d 1307, 1311 (Colo.1989) (Quinn, C.J., specially concurring). Rather, the order has only economic consequences to him, compensable through damages recoverable in a legal malpractice case. *Cf. Cropper v. People*, 251 P.3d 434, 438 n. 9 (Colo.2011). However, we express no opinion on the possible immunity of appointed counsel. *Compare Dziubak v. Mott*, 503 N.W.2d 771, 773 (Minn.1993) (immunity), *with Reese v. Danforth*, 486 Pa. 479, 488, 406 A.2d 735, 740 (1979) (no immunity).

### 5. Fundamental Rights

Finally, the *Baker* court emphasized protecting the "fundamental" right to direct appeal of a criminal conviction. 104 P.3d at 895. Hill has not cited, nor have we found, any reported Colorado opinion describing the statutory appeal of a restitution order as a "fundamental" right. The following differences between restitution proceedings and those leading to a criminal conviction suggest otherwise:

- A restitution order "shall be a final *civil* judgment." § 18–1.3–603(4)(a), C.R.S. 2010 (emphasis added).

- The prosecution's "burden of proof for establishing the amount of restitution owed is a preponderance of the evidence." *People v. Smith*, 181 P.3d 324, 327 (Colo.App.2007).

- Restitution can be awarded based on victim impact statements alone. § 18–1.3–603(2), C.R.S.2010; *People v. Brockelman*, 862 P.2d 1040, 1042 (Colo.App. 1993).

- "[A] criminal conviction establishing the defendant's culpability [for some elements of loss] is not required to impose restitution." *People v. Pagan*, 165 P.3d 724, 731 (Colo.App.2006).

### IV. Conclusion

We deny the motion for leave to file an amended notice of appeal. The appeal shall proceed on the issues framed in the original notice of appeal. The opening brief is due in fifteen days, with no further extensions.

Judge J. JONES and Judge BOORAS concur.