21CA1061 Peo v Espinoza 11-26-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 21CA1061
El Paso County District Court No. 18CR6097
Honorable Michael P. McHenry, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Sheri Lynn Espinoza,

Defendant-Appellant.

---

ORDER AFFIRMED

Division VII
Opinion by JUDGE SCHOCK
Tow and Brown, JJ., concur

Prior Opinion Announced November 16, 2023, Vacated in 23SC939

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced November 26, 2025

---

Philip J. Weiser, Attorney General, Jessica E. Ross, Senior Assistant Attorney General and Assistant Solicitor General, Denver, Colorado, for Plaintiff-Appellee

Lucy H. Deakins, Alternate Defense Counsel, Denver, Colorado, for Defendant-Appellant

¶ 1     Defendant, Sheri Lynn Espinoza, appeals the district court's restitution order on the grounds that (1) the district court lacked authority to enter it more than ninety-one days after her order of conviction, and (2) the prosecution failed to present sufficient evidence to support one component of the restitution amount.

¶ 2     We previously issued an opinion vacating the restitution order based on Espinoza's first argument. *People v. Espinoza*, (Colo. App. No. 21CA1061, Nov. 16, 2023) (not published pursuant to C.A.R. 35(e)) (*Espinoza I*). But the supreme court granted certiorari, vacated our opinion, and remanded the case for reconsideration in light of *Babcock v. People*, 2025 CO 26; *Johnson v. People*, 2025 CO 29; and *People v. Roberson*, 2025 CO 30. We now affirm the order.

## I.     Background

¶ 3     Espinoza was charged with 170 counts relating to an alleged scheme to burglarize vehicles, steal credit cards and other property, and convert the stolen property into cash. She pleaded guilty to conspiracy to commit money laundering and identity theft.

¶ 4     In the plea agreement, Espinoza "agree[d] to pay restitution for all counts and cases governed by this plea agreement including counts and/or cases that have been dismissed" and "other counts

1

that the People have agreed not to file." She acknowledged that her misconduct had "caused a loss to victims" and "stipulate[d] to causation for restitution purposes." She also agreed that the prosecution would provide "correct information establishing the amount of restitution within 91 days of sentencing."

¶ 5    The district court accepted Espinoza's guilty plea and sentenced her on November 27, 2019. At the sentencing hearing, the district court ordered that "[t]here will be restitution," but it did not set the amount. It gave the People ninety-one days to "calculate restitution" and Espinoza sixty days thereafter to object.

¶ 6    On February 26, 2020 — ninety-one days after sentencing — the People submitted a proposed restitution order, requesting restitution in the amount of $19,442.78. The district court granted the request six days later, subject to Espinoza's right to object and request a hearing within thirty days. Espinoza's counsel filed an objection twenty days later. He did not challenge the timeliness of the restitution order, but he explained that he had not yet been able to meet with Espinoza due to the onset of the COVID-19 pandemic. The district court granted Espinoza additional time to investigate restitution and ordered her to file a status report within 120 days.

¶ 7     On July 1, 2020, Espinoza filed a supplemental objection to the restitution order, challenging the joint and several liability component of the order, contesting the total amount of restitution, and requesting itemized documentation of that amount. She also requested a hearing after the prosecution provided the documentation. Again, Espinoza did not object to the timeliness of the restitution order. The court set a hearing for October 6, 2020.

¶ 8     Before the hearing, the People filed two amended proposed restitution orders, each of which made changes to the joint and several liability. Espinoza objected on grounds similar to those she had raised before. For the first time, she also asked the court to dismiss the restitution request as untimely based on *People v. Weeks*, 2020 COA 44, *aff'd*, 2021 CO 75, in which a division of this court had held that a restitution order must be vacated if it is entered more than ninety-one days after the order of conviction without good cause.

¶ 9     The district court addressed the *Weeks* issue at the hearing but declined to follow the division's opinion in that case, opting instead to follow a different division's opinion in *People v. Perez*, 2020 COA 83, *overruled in part by*, *Weeks*, 2021 CO 75, ¶ 47 n.16,

*cert. granted, judgment vacated, and case remanded*, (Colo. No. 20SC559, Dec. 6, 2021) (unpublished order). (This was more than a year before the supreme court's opinion in *People v. Weeks*, 2021 CO 75.) The court thus concluded that it was not precluded from entering its final restitution order more than ninety-one days after the conviction.

¶ 10 The district court continued the hearing to allow for the presentation of evidence regarding one component of the prosecution's restitution request: approximately $4,600 in damage to a vehicle caused by one of the alleged break-ins. At the hearing, the victims of this loss testified that their car was damaged as a result of the break-in and that they received an estimate of around $4,600 to repair the damage. But they did not ever have the car repaired, and they later traded it in for a new car.

¶ 11 Defense counsel argued that the prosecution had failed to prove that the victims had suffered any actual monetary loss because they did not get the car fixed and there was no evidence that the damage reduced the car's trade-in value. The district court denied the objection and awarded the full $4,600 estimated repair

cost.[1]  It entered the final restitution order — for the full amount of $19,442.78 requested by the prosecution — on June 1, 2021.

¶ 12     In *Espinoza I*, we vacated the restitution order, concluding that (1) the district court lacked authority to enter it more than ninety-one days after the order of conviction under *Weeks*, 2021 CO 75, and section 18-1.3-603(1)(b), C.R.S. 2019;[2] and (2) Espinoza did not waive that deadline.  *See Espinoza I*, slip op. at ¶¶ 1, 18-23, 29.

¶ 13     But after we issued that opinion, the supreme court decided *Babcock*, *Johnson*, and *Roberson* — which, together, outline circumstances under which a defendant can waive the statutory deadline.  The supreme court vacated our opinion in *Espinoza I* and remanded the case for reconsideration in light of that trio of cases.

## II.     Waiver of Statutory Deadline

¶ 14     The restitution order in this case was entered more than ninety-one days after the order of conviction.  *See* § 18-1.3-

---

[1] The exact amount of restitution ordered for the damage to the car was $4,603.66.

[2] Section 18-1.3-603(1)(b), C.R.S. 2019, has since been amended. *See* Ch. 307, sec. 1, § 18-1.3-603(1)(b), 2025 Colo. Sess. Laws 1606.  We refer to the version of the statute in effect at the time of Espinoza's sentencing, including its ninety-one-day deadline.

603(1)(b). But the People argue that Espinoza waived the statutory deadline by acting inconsistently with it. In supplemental briefing, Espinoza concedes this result under *Johnson,* and we agree.

¶ 15 The ninety-one-day deadline in section 18-1.3-601(b) is "not jurisdictional and can be waived" by voluntary conduct that is inconsistent with its assertion. *Roberson,* ¶¶ 12-13. Such conduct may include (1) requesting a restitution hearing after the deadline, *Babcock,* ¶ 30; (2) failing to object to the setting of a hearing after the deadline, *Roberson,* ¶ 16; (3) requesting continuances after the deadline has passed without acknowledging the deadline, *id.*; or (4) failing to object to a scheduling order that will extend the restitution determination beyond the deadline, *Johnson,* ¶ 31.

¶ 16 In this case, like in *Johnson,* the district court entered an order at sentencing that gave the prosecution ninety-one days to calculate restitution and Espinoza sixty days thereafter to object. *See id.* at ¶ 31. Defense counsel did not object to this schedule, even though it would likely "extend the time for making a final restitution determination beyond the ninety-one-day deadline." *Id.*

¶ 17 Then, when the prosecution filed its restitution request on the ninety-first day after sentencing, and the district court granted it on

the ninety-seventh day with an order requiring Espinoza to request a hearing within thirty days, defense counsel did not object to that schedule. *See id.* Instead, counsel filed a nonsubstantive objection twenty days later, "preserv[ing] . . . Espinoza's right to object to restitution." The court granted Espinoza 120 days to investigate, and again, she did not object. To the contrary, she filed a substantive objection to the restitution order 217 days after sentencing and requested a hearing, which would necessarily occur outside the ninety-one-day deadline. *See id.*; *Babcock*, ¶ 30. It was not until 299 days after sentencing that Espinoza first asserted that the proposed restitution order was untimely. *See Roberson*, ¶ 16.

¶ 18     Under *Johnson* and *Roberson*, this conduct constitutes a voluntary waiver of Espinoza's right to have the amount of restitution determined within ninety-one days of her conviction.

### III.     Sufficiency of the Evidence

¶ 19     Espinoza also challenges the restitution order on the merits. She argues that the prosecution failed to prove an actual pecuniary loss with respect to the $4,600 in estimated damage to the car because the victims never had the car repaired. We disagree.

¶ 20    A district court's decision fixing the amount of restitution will not be disturbed if it is supported by the record.  *People v. Robb*, 215 P.3d 1253, 1264 (Colo. App. 2009).  Because Espinoza asserts that there was no evidence to support the $4,600 loss, and not that the district court erred by interpreting the evidence, her argument is a challenge to the sufficiency of the evidence.  *See Martinez v. People*, 2024 CO 6M, ¶ 20.  We therefore review the record de novo to determine whether the evidence, "when viewed as a whole and in the light most favorable to the prosecution, is sufficient to support the district court's ruling."  *People v. Barbre*, 2018 COA 123, ¶ 1.

¶ 21    The district court must award restitution for "any pecuniary loss suffered by a victim . . . [that was] proximately caused by an offender's conduct."  § 18-1.3-602(3)(a), C.R.S. 2025.  The prosecution bears the burden of proving by a preponderance of the evidence both the amount of the victims' losses and that those losses were proximately caused by the defendant's criminal conduct.  *People v. Dyson*, 2021 COA 57, ¶ 12.  Once the prosecution presents competent evidence of the amount of the loss, the defendant may present evidence to rebut it.  *People in Interest of*

*A.V.*, 2018 COA 138M, ¶ 35.  Otherwise, the district court may rely on the evidence presented by the prosecution.  *Id.* at ¶¶ 30, 35.

¶ 22    As an initial matter, we reject the People's argument that Espinoza cannot challenge the restitution amount because she stipulated to causation in her plea agreement.  Espinoza does not challenge the district court's finding that she caused the damage to the victims' car.  She argues only that the prosecution failed to prove the *amount* of the loss, or that the damage resulted in any pecuniary loss at all.  That is not a challenge to causation.  *See Barbre*, ¶ 9 (holding that defendant's stipulation to causation in plea agreement did not waive challenge to *amount* of restitution).

¶ 23    But viewing the evidence in the light most favorable to the prosecution, we conclude that it was sufficient to support the district court's finding that the loss associated with the damage to the car was $4,600.  The victim testified that, after the break-in, there was damage to the car's rear fender.  He further testified that he obtained an estimate of the cost to repair the damage, which was about $4,600.  This undisputed evidence of the estimated repair cost was sufficient evidence to establish the amount of the loss.

*See People v. Smith*, 181 P.3d 324, 327 (Colo. App. 2007) ("[R]epair costs should be included in the restitution amount ordered.").

¶ 24     It does not matter that the victims did not actually complete the repairs. *See A.V.*, ¶¶ 25-30 (affirming award of restitution for total estimated repair costs even though repairs had not yet been completed and some of the costs had not yet been incurred). Restitution is not limited to a victim's out-of-pocket expenses; it includes "any pecuniary loss." § 18-1.3-602(3)(a). And one measure of the pecuniary loss caused by damage to property is the amount it would cost to restore the property to its prior condition. *See A.V.*, ¶ 29; *Smith*, 181 P.3d at 327. Just because the victims did not repair the car does not mean they did not suffer a loss by having a car with $4,600 of damage that it did not have before.

¶ 25     It is true that *another* measure of loss might have been the decrease in the value of the car. And perhaps, if there was evidence indicating that the reduction in the car's value was something less than $4,600, the district court could have found that to be the victims' actual loss. *But see Smith*, 181 P.3d at 327 (holding that "restitution can include repair costs even if those costs exceed the damaged object's value"). Indeed, the district court recognized as

much.  But the only evidence before the district court was that it would cost $4,600 to put the car in the same condition that it was before the assault.  With no evidence to rebut this estimate, the district court "properly relied on the evidence presented and imposed restitution for the total amount of the repairs."  *A.V.*, ¶ 30.

## IV.   Disposition

The restitution order is affirmed.

JUDGE TOW and JUDGE BROWN concur.