**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**James Michael WRIGHT, Defendant–Appellant.**

**No. 99CA1119.**

Colorado Court of Appeals, Div. III.

Aug. 3, 2000.

As Modified on Denial of Rehearing Aug. 31, 2000.

Certiorari Denied Feb. 20, 2001.

---

** Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, sec. 5(3), and § 24–51–1105, C.R.S.1999.

Ken Salazar, Attorney General, Kim L. Montagriff, Special Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Anne Stockham, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge ROY.

Defendant, James Michael Wright, appeals the trial court orders of restitution entered in connection with his sentence of probation. We reject defendant's argument that the trial court erred in ordering him to pay a defrauded secured creditor the costs of recovering the collateral, including attorney fees; but agree with his contention that the trial court erred in increasing the amount of restitution after the sentence was imposed and remand for reinstatement of the original restitution order.

Defendant agreed to plead guilty in this case to an amended count of theft in exchange for, *inter alia*, the dismissal of another pending case charging him with defrauding a secured creditor. Defendant agreed, however, to pay restitution to the secured creditor.

At sentencing, the prosecution asked the court to award $2,336 in restitution to the secured creditor. Since the secured creditor had apparently recovered the property in a replevin action, defense counsel sought an opportunity to determine whether restitution was appropriate. The court entered a restitution order for the amount sought by the prosecution, but granted defense counsel fifteen days to file an objection.

Shortly thereafter, defendant filed his objection, stating that the $2,336 sought by the prosecution was for legal expenses incurred by the victim in recovering the property. He argued that, because such expenses were voluntarily incurred by the victim and were not the direct result of defendant's criminal conduct, defendant should not be required to pay them as restitution.

At a subsequent hearing, the prosecution defended its request for restitution payable to the secured party, and also asked the court to "correct," or increase, the restitution amount to $3,302.25.

The trial court concluded that the legal expenses incurred in filing the replevin action were the direct result of defendant's criminal conduct of pawning the property in which the victim had a security interest. The court also amended its previous restitution order to reflect $3,302.25, instead of $2,336. This appeal followed.

### I.

Defendant first contends that the trial court erred by ordering him to pay *any* restitution to the secured party. We are not persuaded.

### A.

Relying on *People v. Brigner*, 978 P.2d 163 (Colo.App.1999), defendant argues that the legal expenses incurred by the victim in filing the replevin action to recover the personal property were not the direct result of his criminal conduct. However, we find *Brigner* inapposite.

In *Brigner*, the defendant sold dairy cows in which the victim held a security interest after the cows had become ill and no longer produced milk. The trial court ordered restitution based on the value of the dairy cows as producing animals and not their fair market value at the time of the sale. A division of this court reversed, holding that the victim was entitled to restitution only for losses suffered as a direct result of the defendant's criminal behavior, and that was the value of the animals at the time of sale.

Here, defendant argues that *Brigner* stands for the proposition that restitution for defrauding a secured creditor is limited to the loss of the collateral itself, not for losses

incurred by the victim before or *after* the crime is committed. We do not read *Brigner* that broadly.

As an initial distinction, in *Brigner,* the victim's collateral was not recovered. Therefore, the issue there, unlike the issue here, was the value of the unrecovered collateral. The issue of whether restitution is proper for expenses incurred by a victim in recovering, or attempting to recover, his or her collateral was not before the *Brigner* court.

In addition, we do not read *Brigner* as suggesting that it is improper to order restitution for losses incurred by a victim *after* a crime is committed as long as those losses were the result of the defendant's criminal act. Rather, the court there merely concluded that restitution is improper for losses incurred by a secured party as a result of a decrease in the value of the property that occurred before, and was unrelated to, the criminal act.

We conclude that the expenses incurred by this victim in attempting to recover his collateral were the direct result of defendant's fraudulent act of selling the collateral. Thus, the expenses were properly awarded as restitution. *See People v. Dillingham,* 881 P.2d 440 (Colo.App.1994) (reward money for information leading to the recovery of stolen property was properly included in the restitution order); *People v. Phillips,* 732 P.2d 1226 (Colo.App.1986) (insurer's investigation costs, including attorney fees, were properly included in the restitution order).

### B.

Defendant also argues that, because the victim was already awarded these expenses as damages in the replevin case, the trial court erred in awarding them as restitution. Again, we disagree.

■ A civil judgment for damages against the defendant in favor of the victim does not preclude the imposition of restitution for the same damages in a criminal case, and the converse is likewise true. The existence of the civil judgment for damages does not impact the authority of the trial court to impose restitution for the same damages. *See People v. Stewart,* 926 P.2d 105 (Colo.

App.1996) (where there was no evidence that defendant had paid civil judgment obtained by victim, he was not entitled to an offset against restitution award for the amount of that judgment). The defendant is entitled to an offset or credit in both actions for any sums actually paid the victim. *See People v. Acosta,* 860 P.2d 1376 (Colo.App.1993)

Here, there is no evidence that the defendant actually paid all, or any part, of the civil judgment.

### II.

■ Defendant also contends that the trial court violated his right to be free from double jeopardy by amending its original restitution order and increasing the amount of restitution owed. We agree with this contention.

We are persuaded by the analysis and conclusions reached by a division of this court in *People v. Shepard,* 989 P.2d 183 (Colo.App.1999). There, the division concluded that an order of restitution, as part of a criminal sentence, is punitive in nature. Therefore, once a legal sentence including restitution has been imposed, and the defendant has begun serving that sentence, the restitution amount cannot be increased without violating the constitutional prohibition against double jeopardy.

The People argue the defendant's double jeopardy rights are not violated because restitution does not constitute "punishment," and because the trial court's original restitution order was not a final order.

The first argument was directly addressed and rejected in *Shepard.* Also, here, as in *Shepard,* the prosecution did not reserve any right or opportunity to seek an increase in the restitution. Nor did the trial court defer its restitution decision until after it had conducted a hearing on the matter. Instead, the court, without any objection from the prosecution, entered a restitution order granting only the defendant an opportunity to file a timely written objection. There is no evidence in the record to suggest that, at the time the court entered that order, it was considering increasing the amount awarded.

Thus, the amended order increasing the amount awarded violated defendant's right to be free from double jeopardy and must be vacated.

The amended restitution order is vacated, and the cause is remanded with directions to reinstate the original order.

Judge DAVIDSON and Justice ERICKSON * concur.