<u>**UNPUBLISHED**</u>

**UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**

———————

**No. 03-6405**

———————

RAYMOND EDWARD JAMES,

                              Petitioner - Appellant,

        versus

UNITED STATES OF AMERICA,

                              Respondent - Appellee.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (CR-85-12-01-BR)

———————

Submitted:  July 10, 2003            Decided:  July 16, 2003

———————

Before WILKINSON, MOTZ, and TRAXLER, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Raymond Edward James, Appellant Pro Se.  Frank DeArmon Whitney, United States Attorney, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Raymond Edward James appeals the district court's order denying relief on his motion filed under former Rule 35(a) of the Federal Rules of Criminal Procedure, applicable to offenses committed before November 1, 1987. We have reviewed the record and the district court's opinion and find that the district court lacked jurisdiction to entertain the motion. We therefore affirm the denial of relief on that ground.

In his Rule 35(a) motion, James asserted that the district court did not make specific findings as to the amount of restitution within ninety days and improperly delegated the timing and amount of restitution payments to the probation officer. James' challenge to the restitution order is to a sentence imposed in an illegal manner—not to an illegal sentence. See, e.g., Hill v. United States, 368 U.S. 424, 430 & n.9 (1962). Therefore, James had 120 days from the time the sentence was imposed to file his Rule 35 motion. See Fed. R. Crim. P. 35(a) (applicable to offenses committed prior to Nov. 1, 1987). The 120-day time limit is jurisdictional. United States v. Pavlico, 961 F.2d 440, 443 (4th Cir. 1992) (citing United States v. Addonizio, 442 U.S. 178, 189 (1979)).

James' sentence was imposed in May 1985.[1] Because James' Rule 35(a) motion was not filed until November 21, 2002, well beyond the

---

[1] The other triggering events in Rule 35(a) do not apply here.

120-day limit, the district court did not have jurisdiction to entertain the motion. Id. Even if the 120-day period was calculated from March 3, 1995 (the date on which this Court decided United States v. Johnson, 48 F.3d 806 (4th Cir. 1995), and on which the delegation claim became available to James), his November 2002 motion still was untimely. See Pavlico, 961 F.2d at 443. We therefore affirm the district court's denial of relief on the ground that the Rule 35 motion was untimely filed and the district court therefore lacked jurisdiction to entertain it.[2] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[2] Construing the Rule 35 motion as one filed under 28 U.S.C. § 2255 (2000) does not save the action. Before James may file a successive § 2255 motion in the district court, he must obtain authorization from this court under 28 U.S.C. § 2244 (2000).