The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Charlotte Carmen BOWERMAN,
Defendant–Appellant.

No. 09CA0083.

Colorado Court of Appeals,
Div. VII.

Sept. 2, 2010.

John W. Suthers, Attorney General, Joseph G. Michaels, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Douglas K. Wilson, Colorado State Public Defender, Ryann S. Hardman, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge BERNARD.

Defendant, Charlotte Carmen Bowerman, appeals the district court's order denying her postconviction motion for correction of an illegal sentence. She challenges the amount of restitution that the court had ordered. Focusing only on the claim she raises before us, we affirm, although for reasons different from those relied upon by the district court. *See People v. Aarness,* 150 P.3d 1271, 1277 (Colo.2006) (appellate court may affirm trial court's decision on different grounds).

## I. Background

### A. Charges and Disposition

Defendant was originally charged with class four felony theft, arising out of allegations that she stole items from the victim. As a condition of a plea disposition, defendant pled guilty to one count of providing false information to a pawn broker, a class six felony, and an added count of attempted theft, a class five felony.

The court held a sentencing hearing in November 2006. The prosecution asked the court to order defendant to pay $14,759.48 as restitution. This figure included $7542.74 to be paid to an insurance company to reimburse it for payments to the victim. The remaining $7216.74 was to be paid to the victim to reimburse her for losses that were not covered by the insurance company.

The total amount of restitution was based on the victim's statement that many items were missing, and that defendant must have stolen them. Defendant's counsel contended that defendant did not steal all those items, and that she had only taken property worth about $3000.

The district court sentenced defendant to the custody of the Department of Corrections, but then suspended that sentence on the condition that she comply with the terms of probation. These terms included an order that defendant pay the total amount of restitution requested by the prosecution.

Defendant did not appeal.

### B. Postconviction Proceedings

In June 2008, defendant filed a motion citing, as its legal basis, Crim. P. 35(a) and 35(c). She alleged that her sentence was illegal. She claimed that the trial court did not require proof that her conduct was the proximate cause of the loss of all the items upon which the restitution order was based. The crux of this argument was as follows:

> The transcript of the restitution "hearing" reveals that the Court merely listened to and accepted as proven the allegations of the victim concerning her opinion as to what [defendant] was responsible for. No other testimony was taken. The victim

was not placed under oath, nor was cross-examination allowed. No exhibits were admitted. Indeed, the basis for the victim's assumptions as to [defendant's] responsibility for more than [an American Contemporary] "vacuum cleaner, Kodak camera and a Fantom [vacuum] cleaner" was nothing more than unsubstantiated hearsay, for which no declarant was named (the victim did not observe any of the alleged thefts).

Defendant also contended that (1) the process followed at the restitution hearing was "legally and constitutionally inadequate" to determine restitution; (2) the restitution proceeding denied defendant her due process and equal protection rights; and (3) the restitution order was arbitrary and capricious, constituting an abuse of discretion.

The prosecution filed a written response, which asked the court to deny defendant's motion. The court denied the motion in a written order issued in November 2008. Part of the order stated:

> [Defendant] did not question or challenge the procedure at the sentencing hearing. [Defendant] did not request that statements be taken under oath. [Defendant] did not request a right to cross-examine [the victim]. [Defendant] did not offer any exhibits. [The court] did permit [defendant] and defense counsel to address the restitution issue and imposed no limits or restrictions on them. Any objection to the procedure followed has been waived.

Defendant raises one argument on appeal, and it is narrower than those she made below. Here, she contends only that the court's restitution order constituted an "illegal" sentence because the prosecution did not prove, by a preponderance of the evidence, that she stole items beyond those originally listed in the information. As a result, she continues, her sentence was "not authorized by law." Therefore, she maintains, we should reverse the restitution order, and remand to the trial court to enter a restitution order based only on the specified items that she admitted stealing.

## II. Analysis

### A. Postconviction Proceedings Concerning Sentences: General Principles

Crim. P. 35(a) (Correction of Illegal Sentence) states:

> The court may correct a sentence that was not authorized by law or that was imposed without jurisdiction at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.

A division of this court discussed this language in *People v. Wenzinger*, 155 P.3d 415, 418 (Colo.App.2006). Relying on supreme court precedent interpreting a prior version of Crim. P. 35(a), the division held that a sentence is "not authorized by law" if it is inconsistent with the legislatively established statutory scheme, and "imposed without jurisdiction" if it is within the statutory range, but it was "otherwise imposed in excess of the court's subject matter jurisdiction." *Wenzinger*, 155 P.3d at 418.

The *Wenzinger* division recognized another concept that is relevant to our discussion. Crim. P. 35(a) authorizes courts to determine whether a sentence was imposed in an illegal manner.

■ Although claims that a sentence was not authorized by law or was imposed without jurisdiction may be raised at any time, a claim that a sentence was imposed in an illegal manner must be raised within 120 days of the imposition of the sentence. Crim. P. 35(a), (b); *Wenzinger*, 155 P.3d at 418–19. A sentence may be imposed in an illegal manner "when the trial court ignores essential procedural rights or statutory considerations in forming the sentence." 15 Robert J. Dieter & Nancy J. Lichtenstein, *Colorado Practice Series, Criminal Practice and Procedure* § 21.10 n. 10 (2d ed. 2004).

■ Sentences imposed in an illegal manner include those where a defendant was denied his right to allocution, *see People v. Garcia*, 752 P.2d 570, 576 (Colo.1988); where the court did not consider factors established by statute, *see People v. Walker*, 724 P.2d 666, 669 (Colo.1986); where the defendant was not given the complete range of testing required by statute before being sentenced as a sex offender, *People v. Collier*, 151 P.3d 668, 672 (Colo.App.2006); or where the manner of imposing a sentence in a sexual assault case resulted in a denial of procedural due process, *People v. Sisson*, 179 P.3d 193, 196 (Colo.App.2007). *See also State v. Olson*, 115 Conn.App. 806, 811, 973 A.2d 1284, 1287 (2009) (applying Connecticut's version of Crim. P. 35(a), and concluding that sentences imposed in an illegal manner include those that violate the defendant's right to be sentenced based on accurate information, or on considerations found only in the record).

### B. Restitution: General Principles

■ Section 18–1.3–603(1), C.R.S.2009, mandates that, after every felony conviction, trial courts must answer the question whether the defendant should pay the victim restitution. The failure to make this necessary finding results in an illegal sentence. *People v. Smith*, 121 P.3d 243, 251 (Colo.App.2005); *see also People v. Dunlap*, 222 P.3d 364, 368 (Colo.App.2009) ("[B]ecause the court failed to consider and fix the amount of restitution as required by the statute, the original sentence was illegal.").

Several divisions of this court have held that a sentence may be illegal because of other issues relating to restitution. *People v. Brooks*, 250 P.3d 771, 773 (Colo.App.2010) (restitution order was illegal because district court did not have authority to include restitution from an unrelated juvenile case in restitution order of an adult case); *People v. Pagan*, 165 P.3d 724, 731–32 (Colo.App.2006) (trial court "ignored the amount of losses and arbitrarily capped the amount it could award"); *People v. Wright*, 18 P.3d 816, 818–19 (Colo.App.2000) (once a final restitution figure has been imposed and the defendant has begun serving a legal sentence, an increase in the amount of restitution constitutes double jeopardy).

Divisions of this court have also concluded that certain restitution orders did not constitute illegal sentences. *People v. Suttmiller*, 240 P.3d 504, 506 (Colo.App.2010) (a restitution order was not illegal when the amount of restitution was based on a stolen item's reasonable rental value for the time that the

thief possessed it); *People v. McCann*, 122 P.3d 1085, 1088 (Colo.App.2005) (amended restitution orders increasing the amount do not violate double jeopardy when the initial restitution order was not final at the time the amendment was ordered).

### C. Application of General Principles

■ Based on the foregoing authority, we conclude that defendant's claim does not raise the issues whether the restitution order was "authorized by law" or "imposed without jurisdiction," as those terms were interpreted in *Wenzinger*, an interpretation with which we agree.

First, the restitution order was within the legislatively established statutory scheme. *See* § 18–1–603(1). Unlike the cases, cited above, in which the divisions concluded that restitution orders constituted illegal sentences, the trial court here imposed a restitution order at the time of sentencing; it did not subsequently increase that order after it had become final and defendant had begun serving her sentence; it did not ignore the victim's actual losses and arbitrarily cap the restitution figure; and it did not transfer a restitution order from a juvenile case to an adult case. Thus, because the court was required to order defendant to pay restitution, the court's restitution order here was authorized by law.

Second, the restitution order was not imposed in excess of the trial court's subject matter jurisdiction. The trial court had a statutorily mandated obligation to enter a restitution order under section 18–1.3–603(1), and, by doing so, it acted within its jurisdiction.

Defendant's sole submission on appeal is that the trial court's restitution order was "illegal" because the prosecution did not prove, by a preponderance of the evidence, that defendant stole items in addition to those specified in the information. Rather than raising the question whether the amount of restitution was "authorized by law," this argument directly challenges the outcome of the fact-finding process conducted within the boundaries of the statutory scheme. *See Pagan*, 165 P.3d at 732 (the amount of restitution is generally a "factual determination"). By doing so, defendant contends that the trial court did not comply with one or more of the statutory and procedural considerations governing restitution hearings. *See* 15 Dieter & Lichtenstein, *Colorado Practice Series, Criminal Practice and Procedure* § 21.10 n. 10 (describing sentences imposed in an "illegal manner").

We conclude that, as characterized by defendant, her argument challenges the amount of restitution she should be obligated to pay, which constitutes a claim that her sentence was imposed in an illegal manner. *See United States v. DeLeo*, 644 F.2d 300, 302 (3d Cir.1981) (parties agreed that requiring payment of restitution of an amount greater than the actual loss concerned whether the sentence was imposed in an illegal manner); *James v. United States*, 70 Fed.Appx. 112, 113 (4th Cir.2003) (challenge to the amount and timing of restitution concerns whether the sentence was imposed in an illegal manner); *cf. Suttmiller*, 240 P.3d at 508 (use of rental value as a way to measure victim's loss did not result in an illegal sentence).

We further conclude that, because defendant's Crim. P. 35(a) claim alleged that her sentence had been imposed in an illegal manner, that claim was time barred in the district court. It was not filed within 120 days of her conviction; rather, it was filed about nineteen months later. *See* Crim. P. 35(a); *Collier*, 151 P.3d at 673 (claim under Crim. P. 35(a) that sentence was imposed in an illegal manner must be brought within 120 days of sentencing, or it is time barred); *People v. Shepard*, 151 P.3d 580, 585 (Colo.App.2006) (same for Crim. P. 35(b) claim). We therefore affirm the trial court's order because the issue defendant raises on appeal was time barred.

The order denying postconviction relief is affirmed.

Judge CONNELLY concurs.

Judge LICHTENSTEIN dissents.

Judge LICHTENSTEIN dissenting.

I respectfully dissent. My point of disagreement lies in the majority's conclusion that defendant's postconviction claim does

not raise the issue whether the restitution order was "authorized by law." I perceive defendant's claim to raise this issue, and as such the claim is not time barred.

Defendant's postconviction motion in the trial court raised two types of legal challenges to the restitution order; it asserted that "the restitution order was not authorized by law *and* was imposed in violation" of the law. Defendant's motion indeed challenged the manner in which the restitution hearing had been conducted,[1] but relevant here, defendant's motion also asserted that the restitution order requiring payment for various other thefts in addition to her charged criminal conduct was illegal because defendant "can be ordered to pay restitution only for the amount of a 'pecuniary loss' sustained as a result of her criminal conduct" and "[a] defendant may not be ordered to pay restitution for losses that did not result from the conduct that formed the basis of the defendant's criminal conviction."

Maintaining this latter argument, defendant asserts on appeal that "restitution is authorized only for the actual loss caused as the direct result of a defendant's conduct." Defendant cites section 18–1.3–602(3)(a), C.R.S.2009, which provides in pertinent part, " 'Restitution' means any pecuniary loss suffered by a victim and includes ... other losses or injuries *proximately caused by an offender's conduct* ...." Defendant further cites to *People v. Borquez,* 814 P.2d 382, 384 (Colo.1991), and *Cumhuriyet v. People,* 200 Colo. 466, 615 P.2d 724 (1980), which respectively addressed whether the statutory scheme, then in effect, authorized restitution for thefts to which the defendant did not specifically plead guilty, or authorized restitution for thefts unrelated to the charges. Both cases acknowledged that restitution is statutorily authorized only for the actual loss caused as the direct result of a defendant's conduct.

Defendant contends that based on the above authority and absent proof (by the requisite preponderance of the evidence standard) that the restitution amount was related to defendant's conduct, the court's restitution

order "constituted an illegal sentence." In my view, the claim before us raises the issue that that the court's restitution order was "not authorized by law."

I do not agree with the majority's conclusion that "because the court was required to order defendant to pay restitution, the court's restitution order here was authorized by law." An illegal sentence is one that is contrary to the legislative sentencing scheme. *See People v. Wenzinger,* 155 P.3d 415, 418 (Colo.App.2006). A sentence that does not *fully comply* with the sentencing statutes is illegal in its entirety. *Delgado v. People,* 105 P.3d 634, 635 (Colo.2005). Accordingly, several courts have recognized that a challenge to the court's statutory authority to impose restitution for a particular loss, or its authority to impose a certain amount of restitution, are cognizable as a Crim. P. 35(a) challenge that the restitution order was not authorized by law. *See People v. Suttmiller,* 240 P.3d 504, 507 (Colo.App.2010) (defendant raised a cognizable Crim. P. 35(a) claim, by asserting that the restitution statute, which authorizes restitution only for "pecuniary losses" suffered by victims, did not authorize restitution for the rental value of an item which the victim never rented); *People v. Brooks,* 250 P.3d 771, 772 (Colo.App.2010) (defendant raised a cognizable Crim. P. 35(a) challenge to the legality of a sentence by asserting the district court lacked statutory authority to include a juvenile restitution obligation in an adult sentence, because the restitution statute authorizes restitution only to the victims of the offender's criminal conduct); *see also Roberts v. People,* 130 P.3d 1005, 1006–07 (Colo.2006) (defendant presented an issue as to the legality of the sentence, by asserting whether the court could, as part of its restitution order, award prejudgment interest based on amount of restitution determined).

It follows, therefore, that a restitution order that imposes payment for losses beyond those "losses or injuries proximately caused by an offender's conduct," *see* § 18–1.3–602(3)(a), is a sentence "not authorized by law." Because I perceive defendant's claim to raise this issue, I consider it to be a

---

1. The trial court ruled that defendant waived her procedural challenge to the manner in which the

hearing was conducted, but that portion of the order has not been appealed.

cognizable Crim. P. 35(a) challenge that can be raised at any time. *See* Crim. P. 35(a) ("[t]he court may correct a sentence that was not authorized by law or that was imposed without jurisdiction at any time"). Accordingly, I would proceed to the merits of defendant's appeal.

Here, defendant was charged by information with one count of theft and two counts of false information to a pawnbroker for conduct occurring between May 3 and 11, 2005. As a result of a guilty plea to one count of false information to a pawnbroker, and an added count of attempted theft, defendant admitted to stealing two vacuum cleaners and a camera from the victim between May 3 and 11, 2005 and admitted that she pawned these items on May 11, 2005.

At the sentencing hearing held three months after the guilty plea, the court awarded $14,759.48 restitution based on the above criminal conduct and on uncharged allegations newly revealed by the victim that:

- Defendant and her boyfriend moved into the victim's house at the end of May 2005;
- The victim arranged for defendant to watch her house while she was in California (June 4 to 28, 2005);
- According to the victim's neighbors, defendant and her boyfriend had garage sales and sold several items (valued by the insurance company in the vicinity of $14,000) while the victim was away.

These allegations of subsequent misconduct pertained to losses that did not result from the conduct that formed the basis of defendant's criminal conviction. Consequently, the court was not authorized to impose restitution to compensate for these losses. *See People v. Steinbeck,* 186 P.3d 54, 60 (Colo.App.2007) (although the restitution statute does not require that a defendant be charged with a specific act to be ordered to pay restitution, a defendant may not be ordered to pay restitution unless the conduct underlying the basis of the defendant's criminal conviction proximately caused the victim's losses); *People v. Brigner,* 978 P.2d 163, 164 (Colo.App.1999) (a defendant may not be ordered to pay restitution for losses that did not result from the conduct that was the basis of the defendant's criminal convic-

tion); *see also People v. Wright,* 18 P.3d 816, 818 (Colo.App.2000) (although restitution may be authorized for losses incurred by a victim *after* a crime is committed, it is proper only as long as those losses were the result of the defendant's criminal act; it is improper for losses unrelated to the criminal act); *cf. Borquez,* 814 P.2d at 384 (restitution for uncharged thefts was authorized by statute where plea agreement was based upon a series of thefts for which the prosecution agreed not to file charges, and defendant expressly acknowledged this criminal conduct).

I am not persuaded by the People's contention on appeal that the restitution order was nonetheless authorized because there was sufficient evidence to establish defendant engaged in the subsequent misconduct, and such misconduct "proximately caused" the victim's losses. In evaluating restitution, the court must consider whether proximate cause exists between the conduct *that was the basis of the conviction* and the loss. *People v. Rivera,* 250 P.3d 1272, 1274 (Colo.App.2010); *see, e.g., People v. Lassek,* 122 P.3d 1029, 1036 (Colo.App.2005) (holding that defendant's conduct underlying his plea was the proximate cause of burial expenses and travel expenses for victim's parents to attend memorial service). Here, the losses resulted from the alleged subsequent misconduct and therefore were *not* proximately caused by conduct forming the basis of defendant's conviction. Consequently, in my view, the restitution order cannot stand.

I would therefore remand the case to the trial court with directions to modify its restitution order to reflect restitution for only those losses based on defendant's conduct forming the basis for the August 2006 guilty plea.