The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader. The summaries may not be cited or relied upon as they are not the official language of the division. Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
April 2, 2020

## 2020COA57

**No. 18CA2295, *People v. Bryce* — Criminal Procedure — Postconviction Remedies — Reduction of Sentence**

A division of the court of appeals holds that, if more than 126 days have passed since sentencing, Crim. P. 35(b) does not allow for reconsideration of a defendant's sentence while an appeal is pending.

COLORADO COURT OF APPEALS                    **2020COA57**

Court of Appeals No. 18CA2295
Adams County District Court No. 17CR3552
Honorable Roberto Ramirez, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Brett Allen Bryce,

Defendant-Appellant.

MOTION DENIED

Division A
Furman, Berger, and Grove JJ.
PER CURIAM

Announced April 2, 2020

Philip J. Weiser, Attorney General, Jacob R. Lofgren, Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Polansky Law Firm, Hillary C. Aizenman, Ryan A. Dawson-Erdman, Boulder,
Colorado, for Defendant-Appellant

¶ 1 Defendant, Brett Allen Bryce, has moved for a limited remand of his appeal, which is currently pending before us, to allow the trial court to consider an emergency motion for a reduction of sentence that he intends to file under Crim. P. 35(b). Bryce seeks immediate release due to the health risk arising from the COVID-19 pandemic. We decline to issue an order of limited remand because more than 126 days have passed since the date of sentencing and, therefore, the filing of a motion for reconsideration at this time would not comply with Crim. P. 35(b). Instead, Bryce must wait until the mandate issues in this case to file a motion for reconsideration.

¶ 2 Crim. P. 35(b) provides that, on motion, a court may reduce a defendant's sentence if the motion is filed within 126 days after (1) imposition of the sentence; (2) "receipt by the court of a remittitur issued upon affirmance of the judgment or sentence or dismissal of the appeal"; or (3) "entry of any order or judgment of the appellate court denying review or having the effect of upholding a judgment of conviction or sentence." A motion filed outside of these "prescribed period[s] . . . must be denied unless it falls under a recognized exception." *Ghrist v. People*, 897 P.2d 809, 813 (Colo. 1995). Thus, in *People v. District Court*, 638 P.2d 65, 67 (Colo.

1

1981), our supreme court held that "an appeal of a final judgment terminates trial court jurisdiction and does not restore it . . . until the events described in subpart (2) or (3) of Crim. P. 35(b) take place."[1]

¶ 3     Bryce was sentenced on October 18, 2018.  Under the plain language of Crim. P. 35(b), he was required to seek sentence reconsideration within 126 days of his sentence date or, alternatively, no more than 126 days after the issuance of the appellate mandate.  Because more than 126 days have passed since sentencing and this court has not yet issued its mandate, his proposed motion does not fall within either time period.  It is therefore either untimely or premature.

¶ 4     Our denial of this motion turns exclusively on the plain language requirements of Crim. P. 35(b).  It has no bearing on other

---

[1] In *People v. District Court*, 638 P.2d 65, 67 (Colo. 1981), the court also stated that its resolution of the jurisdictional issue under Crim. P. 35(b) did "not rule out, in a meritorious situation, the filing of a request in the appellate court for a limited remand to the trial court to entertain a motion to modify the final judgment under appeal." We do not read this language as modifying the jurisdictional limitations outlined elsewhere in the opinion.  Rather, we understand it as clarifying that a limited remand may be appropriate so long as there are no jurisdictional barriers preventing a district court from granting the relief requested.

possible actions that the executive or judicial branch may take to protect public health or welfare from the COVID-19 pandemic.

¶ 5    We therefore deny Bryce's motion for a limited remand.