23CA0353 Peo v Pike 07-03-2024 COLORADO COURT OF APPEALS Court of Appeals No. 23CA0353 El Paso County District Court No. 10CR2483 Honorable Laura N. Findorff, Judge The People of the State of Colorado, Plaintiff-Appellee, v. Tnias Dmitri Pike, Defendant-Appellant. ORDER AFFIRMED AND CASE REMANDED WITH DIRECTIONS Division III Opinion by JUDGE YUN Moultrie and Davidson*, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced July 3, 2024 Philip J. Weiser, Attorney General, Frank R. Lawson, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee Tnias Dmitri Pike, Pro Se *Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2023. 
1 ¶ 1 Tnias Dmitri Pike appeals the postconviction court’s order denying his Crim. P. 35(a) motion for postconviction relief without a hearing. We affirm and remand for the district court to correct the mittimus. I. Background ¶ 2 In 2011, Pike pleaded guilty to second degree murder as part of a global plea agreement. Under this agreement, Pike agreed to pay restitution for all the counts in the case, including dismissed counts. The plea agreement provided that the “District Attorney’s Office will act in good faith to provide correct information establishing the amount of restitution within 90 days of sentencing.” ¶ 3 The district court accepted the plea agreement. At a later hearing, the court sentenced Pike to a total of forty-nine years in the custody of the Department of Corrections for all of the cases in the global plea agreement. ¶ 4 Thirty-eight days after Pike was sentenced, the People submitted a proposed restitution order that individually listed each victim and their respective amount of restitution. Fifteen days later, Pike filed an objection to the proposed order and requested 
2 discovery. A restitution hearing was initially set for the following week. But for reasons not in the record, the hearing was vacated and reset for the next month, ninety-four days after the sentencing hearing. At the beginning of the hearing, Pike withdrew his objection to restitution. As a result, the district court vacated the remaining part of the hearing and entered the People’s proposed restitution order. ¶ 5 Eleven years later, Pike, appearing pro se, filed motions to correct an illegal sentence under Crim. P. 35(a) and to withdraw a guilty plea under Crim. P. 32(d). Pike argued that his sentence was illegal because the district court issued its restitution order more than ninety days
1 after he was sentenced, see § 18-1.3-603(1)(b), C.R.S. 2011, and because the court awarded restitution to what he claimed were non-victims — the Office of the Staff Judge Advocate, a hospital, and other medical offices, see § 18-1.3-602(4)(a), C.R.S. 1 The current statutory deadline is ninety-one days. § 18-1.3-
603(1)(b), C.R.S. 2023; see Ch. 208, sec. 112, § 18-1.3-603(2), 2012 Colo. Sess. Laws 867. The postconviction court’s order refers to the current ninety-one-day deadline even though the statute in effect at the time of the restitution order provided a ninety-day deadline. But because the restitution order was entered ninety-four days after sentencing, this difference has no bearing on the resolution of this appeal. 
3 2023. Pike asserted that these contentions were properly construed as Crim. P. 35(a) “illegal sentence” claims — that his sentence “was not authorized by law” and “was imposed without jurisdiction” — that can be raised “at any time.” And Pike argued that his motion to withdraw his guilty plea, ordinarily required by Crim. P. 32(d) to be filed “before sentence is imposed or imposition of sentence is suspended,” could thereafter be timely filed between when the postconviction court vacated his purportedly illegal sentence and imposed a legal one. ¶ 6 The postconviction court denied both motions. Regarding the Crim. P. 35(a) motion, the court concluded that Pike’s challenge to the timeliness of the restitution order was an “illegal manner” claim that needed to be raised within 126 days
2 of sentencing, see Crim. P. 35(a), (b), and, thus, was itself untimely. The court ruled that Pike’s contention that non-victims were awarded restitution 2 The version of Crim. P. 35 in effect when Pike was convicted required an “illegal manner” claim to be brought within 120 days from the date of sentencing. See Crim. P. 35(a), (b) (2011); Rule Change 2011(19), Colorado Rules of Procedure (Amended and Adopted by the Court En Banc, Dec. 14, 2011), https://perma.cc/6SFN-GLQA. This difference again has no bearing on the resolution of this appeal. 
4 was an “illegal sentence” claim that could be brought at any time, see Crim. P. 35(a), but found that the Office of the Staff Judge Advocate, the hospital, and the medical offices were properly named as victims because they each had a contractual relationship with the victims of Pike’s crime, see § 18-1.3-602(4)(a)(III). In addition, the court rejected the Crim. P. 32(d) motion as untimely. ¶ 7 Pike appeals the postconviction court’s order. II. Analysis ¶ 8 Pike contends that the postconviction court erred by concluding that (1) his challenge to the timeliness of the restitution order was an untimely illegal manner claim; and (2) the Office of the Staff Judge Advocate, the hospital, and the medical offices qualified as victims under section 18-1.3-602(4)(a)(III). We reject both contentions, albeit for reasons slightly different than those relied on by the postconviction court. A. Standard of Review and Applicable Law ¶ 9 We review de novo the legality of a sentence and the summary denial of a Crim. P. 35 motion. People v. Tennyson, 2023 COA 2, ¶ 9 (cert. granted Sept. 11, 2023). “We may affirm the postconviction court’s ruling on any ground supported by the 
5 record, whether or not the postconviction court relied on or considered that ground.” People v. Cooper, 2023 COA 113, ¶ 7. ¶ 10 Under Crim. P. 35(a), the court may correct a sentence that was “not authorized by law or that was imposed without jurisdiction at any time.” But the court may correct a sentence imposed “in an illegal manner” only if the motion is filed, as relevant to Pike, within 120 days after the judgment of conviction is affirmed. Id.; Crim. P. 35(b) (2011). Thus, because Pike filed his motion years after the 120-day deadline expired, the timeliness of that motion turns on whether his claims are “illegal sentence” or “illegal manner” claims. ¶ 11 The substance of a postconviction motion, and not its label, controls its designation under Crim. P. 35. See People v. Collier, 151 P.3d 668, 670 (Colo. App. 2006). A sentence is “illegal,” or “not authorized by law,” when it is “inconsistent with the terms specified by statutes.” Tennyson, ¶ 10 (citation omitted). A sentence is imposed “in an illegal manner” when the court “ignores essential procedural rights or statutory considerations in forming the sentence.” Id. at ¶ 11 (citation omitted). A challenge to the amount of restitution a defendant is obligated to pay is an illegal manner claim. People v. Bowerman, 258 P.3d 314, 317 (Colo. App. 2010). 
6 ¶ 12 Because Pike is proceeding pro se, and did so in the postconviction proceedings, we “broadly construe” his pleadings “to effectuate the substance, rather than the form, of those pleadings.” People v. Cali, 2020 CO 20, ¶ 34. But we may not rewrite his arguments or act as his advocate. Id. Nor may we consider claims he did not make in his motion. Id. B. Timeliness of Restitution ¶ 13 Relying on People v. Weeks, 2021 CO 75, Pike contends that the restitution portion of his sentence “was not authorized by law” or “was imposed without jurisdiction” because the district court entered its restitution order more than ninety days after he was sentenced. Therefore, Pike argues, the postconviction court erred by treating his claim as an untimely “illegal manner” claim instead of an “illegal sentence” claim that can be raised at any time. We are not persuaded. ¶ 14 As Weeks clarifies, section 18-1.3-603(1) requires that every order of conviction “shall include one or more of the following”: (a) An order of a specific amount of restitution be paid by the defendant; (b) An order that the defendant is obligated to pay restitution, but that the specific amount of 
7 restitution shall be determined within the ninety-one days immediately following the order of conviction, unless good cause is shown for extending the time period by which the restitution amount shall be determined; (c) An order, in addition to or in place of a specific amount of restitution, that the defendant pay restitution covering the actual costs of specific future treatment of any victim of the crime; or (d) Contain a specific finding that no victim of the crime suffered a pecuniary loss and therefore no order for the payment of restitution is being entered. § 18-1.3-603(1); Weeks, ¶ 3. ¶ 15 Weeks held, among other things, that section 18-1.3-603(1)(b) requires a district court to determine the amount of restitution within ninety-one days of the judgment of conviction unless, before the deadline expires, the court expressly finds good cause to extend the deadline. Weeks, ¶¶ 4-5. ¶ 16 But Weeks involved a direct appeal of a restitution order and does not address how to properly construe a postconviction challenge under its holdings and section 18-1.3-603’s procedural requirements. However, Tennyson squarely addresses this issue. 
8 ¶ 17 In Tennyson, the defendant, like Pike, claimed that his postconviction challenge based on Weeks was not time barred because it was properly construed as a Crim. P. 35(a) claim that his sentence was not authorized by law. Tennyson, ¶¶ 15-16. The division disagreed and held that where a defendant brings a postconviction challenge regarding the procedures employed in determining the appropriate restitution amount, the claim is properly construed as an “illegal manner” claim under Crim. P. 35(a). Id. at ¶¶ 18-34. The division held that the defendant’s postconviction motion, filed ten years after the restitution order was issued, was therefore time barred. Id. at ¶¶ 35-38. ¶ 18 Contrary to Pike’s argument that Tennyson was wrongly decided, we agree with the holding and reasoning in Tennyson and follow it here. In this case, the district court entered its restitution order in 2011, and Pike filed his postconviction motion eleven years later in 2022. The motion is properly construed as raising an “illegal manner” claim under Crim. P. 35(a) and is therefore time barred. See Crim. P. 35(a), (b); Tennyson, ¶¶ 35-38. 
9 C. Recipients of Restitution ¶ 19 Pike’s remaining contention is that the postconviction court erred by concluding that the Office of the Staff Judge Advocate, the hospital, and the medical offices were “victims” for restitution purposes because the record does not contain evidence of contractual relationships between them and the direct victims of the crime. We conclude not only that Pike’s claim is time barred because it is an “illegal manner” claim, but also that he is barred from raising it under the doctrines of waiver and invited error. ¶ 20 “The Colorado restitution statutes require an offender to ‘mak[e] the victim whole to the extent practicable.’” People v. Martinez, 2022 COA 28, ¶ 1 (quoting People v. Courtney, 868 P.2d 1126, 1128 (Colo. App. 1993)), aff’d on other grounds, 2024 CO 6M. The statutory definition of “victim” includes other persons besides the direct victim of the crime. Id. As relevant here, a victim 
10 includes “[a]ny person[
3
] who has suffered losses because of a contractual relationship with, including but not limited to, an insurer . . . for a person [against whom any felony, misdemeanor, petty, or traffic misdemeanor offense has been perpetrated or attempted].” § 18-1.3-602(4)(a)(I), (III); see People v. McCarthy, 2012 COA 133, ¶ 9 (under the restitution statute, “victim” includes “any person who has suffered losses because of a contractual relationship with the primary victim of the crime”). “[A] ‘contractual relationship’ is an agreement that creates legally enforceable obligations and a legally recognized association between the parties that changes their legal rights and duties of care.” People v. Oliver, 2016 COA 180M, ¶ 36. This contractual relationship can be formed by any type of contract, regardless of whether there is a written document. Id. at ¶¶ 34-35. 3 We also reject Pike’s argument that the Office of the Staff Judge Advocate, the hospital, and the other medical offices are not entitled to restitution because they are not human beings and therefore are not victims under the second degree murder statute. The restitution statute authorizes the award of restitution to persons beyond the direct victim of the crime. And, for the purposes of the restitution statute, the term “person” includes “any individual, corporation, government or governmental subdivision or agency, . . . or other legal entity.” § 2-4-401(8), C.R.S. 2023; see People v. Martinez, 2022 COA 28, ¶ 34. 
11 ¶ 21 Pike’s claim that there is no evidence of contractual relationships in the record is fundamentally a challenge to the sufficiency of the evidence to support the restitution order. That is an illegal manner claim. See Bowerman, 258 P.3d at 317 (concluding that an argument that the prosecution did not prove the defendant stole certain items was an illegal manner claim); Tennyson, ¶ 39 (holding that a claim that the prosecution failed to present evidence to support its restitution request “is a challenge to the legality of the manner in which [the] sentence was imposed”). ¶ 22 We are not convinced that Oliver suggests that any challenge to whether a person qualifies as a victim under section 18-1.3-602(4)(a) is cognizable as an “illegal sentence” claim. Oliver dealt with a question of law: Can governmental agencies be considered insurers entitled to restitution under section 18-1.3-602(4)(a)(III)? Oliver, ¶ 25. In contrast, Pike does not contend that the Office of the Staff Judge Advocate, the hospital, and the medical offices can never satisfy section 18-1.3-602(4)(a)(III) as a matter of law; he argues that the record does not contain sufficient evidence of their contractual relationship with the victims. In other words, “[r]ather than raising the question whether the . . . 
12 restitution was ‘authorized by law,’ [Pike’s] argument directly challenges the outcome of the fact-finding process conducted within the boundaries of the statutory scheme.” Bowerman, 258 P.3d at 317. ¶ 23 Thus, Pike was required to bring this claim within 120 days of his sentencing hearing under the then-existing rule. Id.; see also People v. Bryce, 2020 COA 57, ¶ 3. Because he did not do so, the claim is time barred. ¶ 24 Moreover, we conclude that Pike is barred from raising the lack of evidence supporting these contractual relationships under the doctrines of waiver and invited error. See People v. Garcia, 2024 CO 41, ¶ 28 (“Waiver is ‘the intentional relinquishment of a known right or privilege,’” and “an appellate court may not review a waived error.” (quoting Forgette v. People, 2023 CO 4, ¶ 28)) (emphasis omitted); People v. Rediger, 2018 CO 32, ¶ 34 (“The doctrine of invited error prevents a party from complaining on appeal of an error that he or she has invited or injected into the case; the party must abide the consequences of his or her acts.”). ¶ 25 Pike’s counsel initially objected to the People’s proposed restitution order and requested discovery on it. The district court 
13 scheduled a restitution hearing, and the People complied with Pike’s request for discovery. As the restitution hearing was set to begin, Pike’s counsel stated that he “received all of the discovery related to [the restitution order] and did have a chance to speak with Mr. Pike regarding it; and, at this time, we would withdraw our objection to restitution.” Consequently, the court vacated the evidentiary hearing and entered the proposed restitution order. ¶ 26 Thus, Pike was afforded a restitution hearing — the opportunity for evidence such as contractual relationships to be presented and contested before the district court — but he knowingly and intentionally waived it. See Garcia, ¶ 29; People v. Martinez, 166 P.3d 223, 224 (Colo. App. 2007) (“A defendant waives his or her objections to the amount of restitution by failing to go forward with evidence when given the opportunity to do so.”). That the record does not contain evidence of contractual relationships is a direct consequence of Pike’s waiver. ¶ 27 Further, Pike’s counsel invited any error by telling the court that, after reviewing the discovery and consulting with Pike, he was withdrawing his objections to the proposed restitution order that specifically awarded restitution to the Office of the Staff Judge 
14 Advocate, the hospital, and the medical offices. See Horton v. Suthers, 43 P.3d 611, 614, 618-20 (Colo. 2002) (holding that the director of the Department of Corrections invited error when he expressly agreed that the district court had jurisdiction and stated that he did not oppose the relief requested but took the opposite position on appeal). Pike cannot now complain that these entities are not victims when he expressly agreed with the proposed order listing them as such. See id.; Rediger, ¶ 34. III. Disposition ¶ 28 The postconviction court’s order is affirmed. However, the mittimus does not reflect the terms of the restitution order. Accordingly, we remand the case for the court to correct the mittimus. See Weeks, ¶¶ 9, 44; see also People v. Esparza-Treto, 282 P.3d 471, 480 (Colo. App. 2011) (“When the mittimus is incorrect, we must remand to allow the trial court to correct it.”). JUDGE MOULTRIE and JUDGE DAVIDSON concur.