22CA0688 Peo v Muth 07-18-2024 COLORADO COURT OF APPEALS Court of Appeals No. 22CA0688 El Paso County District Court No. 19CR3025 Honorable Lin Billings Vela, Judge The People of the State of Colorado, Plaintiff-Appellee, v. Willow Muth, Defendant-Appellant. ORDERS AFFIRMED Division III Opinion by JUDGE YUN Dunn and Moultrie, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced July 18, 2024 Philip J. Weiser, Attorney General, Frank R. Lawson, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee Robin M. Lerg, Alternate Defense Counsel, Montrose, Colorado, for Defendant-
Appellant 
1 ¶ 1 Willow Muth appeals the postconviction court’s orders denying her Crim. P. 35(a) and Crim. P. 35(c) motions for postconviction relief. We affirm. I. Background ¶ 2 In 2019, Muth pleaded guilty to violating a bail bond condition in exchange for a stipulated probationary sentence, the dismissal of a forgery count, and the dismissal of charges in another case. Under the plea agreement, Muth agreed to pay restitution for all counts in both cases, including dismissed counts. The agreement provided that the “District Attorney’s Office will act in good faith to provide correct information establishing the amount of restitution within 91 days of sentencing.” ¶ 3 The district court accepted the plea agreement and entered the stipulated sentence on July 8, 2019, noting that the “DA’s office has 91 days to calculate and submit a restitution payout order.” Eighty-seven days later, on October 3, 2019, the People submitted a proposed restitution order requesting $103.33 for one victim and $8,825 for another. The proposed order included a notice to Muth that, if she objected to the restitution amount, she had thirty days to request a hearing. 
2 ¶ 4 The district court waited thirty-five days. When Muth did not object, it entered the People’s proposed restitution order on November 7, 2019 — 122 days after Muth’s judgment of conviction. ¶ 5 Two years later, our supreme court decided People v. Weeks, 2021 CO 75. It held that, under section 18-1.3-603(1)(b), C.R.S. 2023, when a district court enters a preliminary order requiring the defendant to pay restitution but notes that the specific amount will be determined later, the court must determine the amount of restitution within ninety-one days of the judgment of conviction unless, before this deadline expires, it makes an express good cause finding for extending the deadline. Weeks, ¶¶ 4-5. ¶ 6 In September 2021, Muth filed a pro se motion for postconviction relief under Crim. P. 35(c), arguing that her counsel had been ineffective for failing to object to the untimely restitution order. In March 2022, court-appointed postconviction counsel filed a motion to correct an illegal sentence pursuant to Crim. P. 35(a), arguing that, under section 18-1.3-603(1)(b) and Weeks, the district court had no authority to enter the restitution order more than ninety-one days after Muth’s judgment of conviction absent a good cause finding. 
3 ¶ 7 After two separate hearings, the postconviction court denied both motions. II. Analysis ¶ 8 Muth contends that the postconviction court erred by concluding that (1) the untimely restitution order was not an illegal sentence under Crim. P. 35(a) and (2) her counsel did not provide ineffective assistance by following the “standard practices in [the] entire judicial district” at the time. We reject both contentions. A. Timeliness of Restitution ¶ 9 We first address Muth’s argument that the postconviction court erred by denying her Crim. P. 35(a) claim. We conclude that this claim is time barred because it is an “illegal manner,” not an “illegal sentence,” claim. 1. Standard of Review and Governing Law ¶ 10 “The legality of a sentence is a question of law that we review de novo.” People v. Bassford, 2014 COA 15, ¶ 20. “We may affirm the postconviction court’s ruling on any ground supported by the record, whether or not the postconviction court relied on or considered that ground.” People v. Cooper, 2023 COA 113, ¶ 7. 
4 ¶ 11 Under Crim. P. 35(a), the court may correct a sentence that was “not authorized by law or that was imposed without jurisdiction at any time.” But the court may correct a sentence imposed “in an illegal manner” only if the motion is filed, as relevant to Muth, within 126 days after the sentence is imposed. Crim. P. 35(a), (b). Thus, because Muth filed her motion after the 126-day deadline expired, the timeliness of that motion turns on whether her claim is an “illegal sentence” or an “illegal manner” claim. ¶ 12 The substance of a postconviction motion, and not its label, controls its designation under Crim. P. 35. See People v. Collier, 151 P.3d 668, 670 (Colo. App. 2006). A sentence is “illegal,” or “not authorized by law” within the meaning of Crim. P. 35(a), “if any of the sentence’s components fail to comply with the sentencing statutes.” People v. Baker, 2019 CO 97M, ¶ 19. A sentence is imposed “in an illegal manner” when the court “ignores essential procedural rights or statutory considerations in forming the sentence.” People v. Bowerman, 258 P.3d 314, 316 (Colo. App. 2010) (citation omitted). A challenge to the amount of restitution a defendant is obligated to pay is an illegal manner claim. Id. at 317. 
5 2. Discussion ¶ 13 Relying on Weeks, Muth argues that the restitution portion of her sentence “was not authorized by law” because the district court entered its restitution order more than ninety-one days after she was sentenced, in violation of section 18-1.3-603(1)(b). We are not persuaded. ¶ 14 As Weeks clarifies, section 18-1.3-603(1) requires that every order of conviction “shall include one or more of the following”: (a) An order of a specific amount of restitution [to] be paid by the defendant; (b) An order that the defendant is obligated to pay restitution, but that the specific amount of restitution shall be determined within the ninety-one days immediately following the order of conviction, unless good cause is shown for extending the time period by which the restitution amount shall be determined; (c) An order, in addition to or in place of a specific amount of restitution, that the defendant pay restitution covering the actual costs of specific future treatment of any victim of the crime; or (d) Contain a specific finding that no victim of the crime suffered a pecuniary loss and therefore no order for the payment of restitution is being entered. § 18-1.3-603(1); Weeks, ¶ 3. 
6 ¶ 15 As discussed above, Weeks held, among other things, that section 18-1.3-603(1)(b) requires a district court to determine the amount of restitution within ninety-one days of the judgment of conviction unless, before the deadline expires, the court expressly finds good cause to extend the deadline. Weeks, ¶¶ 4-5. ¶ 16 But Weeks involved a direct appeal of a restitution order and does not address how to properly construe a postconviction challenge that the court did not comply with section 18-1.3-603’s procedural requirements. However, People v. Tennyson, 2023 COA 2, ¶ 9 (cert. granted Sept. 11, 2023), squarely addresses this issue. ¶ 17 In Tennyson, the defendant, like Muth, claimed that his postconviction challenge based on Weeks was not time barred because it was properly construed as a Crim. P. 35(a) claim that his sentence was not authorized by law. Tennyson, ¶¶ 15-16. The division disagreed and held that where a defendant brings a postconviction challenge regarding the procedures employed in determining the appropriate restitution amount, the claim is properly construed as an “illegal manner” claim under Crim. P. 35(a). Id. at ¶¶ 18-34. The division held that the defendant’s 
7 postconviction motion, filed ten years after the restitution order was issued, was therefore time barred. Id. at ¶¶ 35-38. ¶ 18 Contrary to Muth’s argument that Tennyson was wrongly decided, we agree with the holding and reasoning in Tennyson and follow it here. In this case, the district court entered its restitution order in 2019, and Muth filed her Crim. P. 35(a) motion more than two years later in 2022. The motion is properly construed as raising an “illegal manner” claim under Crim. P. 35(a) and is therefore time barred. See Crim. P. 35(a), (b); Tennyson, ¶¶ 35-38. B. Ineffective Assistance of Counsel ¶ 19 Next, we turn to Muth’s argument that the postconviction court erred by denying her Crim. P. 35(c) ineffective assistance of counsel claim. We again disagree. 1. Standard of Review and Governing Law ¶ 20 In reviewing the denial of a Crim. P. 35(c) motion after a hearing, we review conclusions of law de novo but defer to the postconviction court’s findings of fact if they are supported by the evidence. People v. Villanueva, 2016 COA 70, ¶ 28. “The weight and credibility to be given the testimony of witnesses in a Crim. P. 35(c) hearing is within the province of the [postconviction] court and 
8 when there is sufficient evidence in the record to support the court’s findings, its ruling will not be disturbed on review.” People v. Williams, 908 P.2d 1157, 1161 (Colo. App. 1995). ¶ 21 To establish a claim of ineffective assistance of counsel, a defendant must show that (1) counsel’s performance was deficient and (2) counsel’s deficient performance prejudiced her. Strickland v. Washington, 466 U.S. 668, 687 (1984); Ardolino v. People, 69 P.3d 73, 76 (Colo. 2003). An ineffective assistance claim fails if the defendant does not satisfy either prong. Strickland, 466 U.S. at 697. ¶ 22 To establish deficient performance, the defendant bears the burden of showing that, “in light of all the circumstances, the identified acts or omissions [of counsel] were outside the wide range of professionally competent assistance.” Id. at 690. In evaluating such a claim, the court must avoid “the distorting effects of hindsight,” People v. Trujillo, 169 P.3d 235, 238 (Colo. App. 2007), and “indulge a strong presumption that counsel’s conduct falls within the wide range of reasonable professional assistance,” Ardolino, 69 P.3d at 76. To establish prejudice, in turn, the defendant must demonstrate a reasonable probability that, but for 
9 counsel’s unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 694. 2. Discussion ¶ 23 Muth argues that her counsel performed deficiently by failing to object to the entry of the restitution order 122 days after her judgment of conviction when section 18-1.3-603(1)(b) provides that “the specific amount of restitution shall be determined within the ninety-one days immediately following the order of conviction” unless good cause is shown for an extension. We are not persuaded. ¶ 24 At the hearing on her Crim. P. 35(c) motion, Muth’s plea counsel testified that he followed his standard practice at the time regarding restitution in her case. He testified that “restitution . . . was reserved like in all plea agreements” and that there was an “opportunity to object once a restitution request was filed,” but that he did not consider objecting on the basis that the “restitution order was granted 122 days after [Muth’s sentence] was entered.” The postconviction court found that Muth’s plea counsel was a credible witness and that he had not performed deficiently by following “the standard practice here in the Fourth Judicial District” at the time 
10 and failing to “predict[] in 2019 what the Colorado Supreme Court would . . . order[] [in Weeks] in 2021.” ¶ 25 Muth argues that it is “irrelevant” that Weeks had not yet been decided at the time of the restitution order in her case because the language of section 18-1.3-603 is unambiguous and the supreme court’s analysis in Weeks was thus “hiding in plain sight.” But Weeks begins by acknowledging that the practice followed in Muth’s case — of reserving restitution for ninety-one days and then giving the defendant an opportunity to object to the amount — was standard at the time and that, “[i]n fairness to our colleagues litigating and presiding over criminal cases, section 18-1.3-603 is not a paragon of clarity.” Weeks, ¶¶ 1-2. In setting forth a new standard, the supreme court overruled ten court of appeals decisions to the extent they were inconsistent with its opinion. Id. at ¶ 47 n.16. ¶ 26 The Constitution guarantees criminal defendants a competent attorney, but it “does not insure that defense counsel will recognize and raise every conceivable” claim. People v. Houser, 2020 COA 128, ¶ 37 (quoting Engle v. Isaac, 456 U.S. 107, 134 (1982)). “Specifically, a lawyer does not perform deficiently by ‘failing to raise 
11 novel arguments that are unsupported by then-existing precedent.’” Id. at ¶ 33 (quoting United States v. Morris, 917 F.3d 818, 823 (4th Cir. 2019)). “Nor does counsel fall below Strickland’s standard of reasonableness by failing to anticipate changes in the law, or to argue for an extension of precedent.” Id. (quoting Morris, 917 F.3d at 823). Under these circumstances, we cannot conclude that Muth’s counsel performed deficiently by “maneuver[ing] within the existing law,” id. at ¶ 37 (citation omitted), and following the district’s “longstanding” practice, Weeks, ¶ 2. ¶ 27 We thus conclude that the postconviction court did not err by denying Muth’s ineffective assistance of counsel claim. III. Disposition ¶ 28 The orders are affirmed. JUDGE DUNN and JUDGE MOULTRIE concur.